FRANK HOFFMAN, ADMINISTRATOR, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED SEPTEMBER 28, 1912. No. 16,457.

1. **Damages.** In an action against a railroad company for negligently causing the death of a brakeman earning $80 a month at the age of 39, a verdict in favor of plaintiff for $20,000 *held* excessive.

2. **Railroads:** ACTION FOR DEATH: NEGLIGENCE: EVIDENCE. In an action against a railroad company for causing the death of a brakeman by backing a car against him in the night-time, evidence that there was no light on the car, that there was no brakeman thereon, and that it was moved without notice or warning, *held* insufficient, in absence of a custom requiring such notice or warning, to prove actionable negligence, where decedent was an experienced brakeman familiar with the switch-yards and with the methods of switching therein, and was injured while crossing a switch-track in the private switch-yards of his employer on his way home from work; there being nothing to show that the car was not being moved in the usual and ordinary manner. REESE, C. J., dissents.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*C. C. Wright, B. H. Dunham, Herman Aye, R. R. Dickson* and *E. H. Benedict,* for appellant.

*R. M. Johnson* and *M. F. Harrington, contra.*

Rose, J.

This is an action for damages caused by alleged negligence resulting in the death of George V. Glover. He left a wife and three children. Chadron was his home. At the time he was injured he was rear brakeman on a stock train running between Belle Fourche and his home city—a division station on defendant's railway system, where the trackage and the switching facilities are extensive. Not far from 1:30, Sunday morning, November 10, 1907, while engaged in the duties of his employment as brakeman, he came on a train from the west into the Chadron yards on a track north of the station. Shortly afterward he left his train, crossed a number of tracks on his way home, and appeared on the platform of the station hotel with the flesh on his left arm severed below the shoulder and turned back over the elbow. As a result of his injuries he died on the following Tuesday.

The negligence imputed to the railroad company is pleaded in a petition alleging, among other things, that, in the night-time, he had finished his work as brakeman and was traveling southward on foot from the caboose of his train to his home; that he necessarily had to cross a number of tracks whereon there were several strings of cars which obstructed his view; that there was an opening between some of the cars; that he safely crossed part of the tracks between cars in a safe and proper manner, and was about to cross another track, "when he was suddenly struck, thrown and knocked down by a car" moving eastward; that there was no light anywhere on the car; that no notice or warning of its approach was given; that in the dark he did not see it until it struck him; that it was noiselessly and slowly moved along, and he did not know of its movement until he was struck by it; that he was injured without fault or neglect on his part; that the car was on the east end of a string of cars then being moved eastward by one of defendant's engines; that such movement of the car in the dark at the time, without a light,

without a brakeman thereon, and without notice or warning of its approach, was a negligent act endangering him and other employees necessarily crossing tracks in going to and from work and in the discharge of their duties; that in crossing the track he was where he had a right to be and was not a trespasser, but was there with the authority and consent and with the knowledge of defendant. Defendant denied negligence on its part, and pleaded that he was injured through his own negligence and want of care. The latter allegation was denied by a reply. The suit was brought by the administrator of his estate for the benefit of his widow and children. From a judgment in favor of plaintiff for $20,000, defendant has appealed.

On the face of the record the recovery is excessive, and for that reason the judgment, as rendered, cannot be permitted to stand. On account of the death of decedent, plaintiff was not entitled to recover damages in excess of the pecuniary loss to the wife and the children. Comp. St. 1911, ch. 21, sec. 2. Decedent was 39 years old. His expectancy of life was about 28 years. There is no proof that his earnings had ever exceeded $80 a month. After deducting his own living expenses, the present worth of the monthly balances which he would have been able to contribute to his wife and children, had he lived, if computed for the entire period of his expectancy, falls far short of the award of the jury.

It is argued, however, that the prospect of promotion and of an increase in earnings was a proper matter for the consideration of the jury in estimating damages. Whatever may be the merit of this argument as a general proposition, it is clear that decedent's prospect of advancement was, under the circumstances of this case, too remote and speculative to be made the basis of damages. He drank intoxicating liquors. This is shown by the testimony of his own brother and by that of other witnesses. His mother, while inquiring about the incidents of his injury, asked the attending physician if her son had been drinking. For a number of years decedent's time had

53

been given alternately to farming and to braking on railroad trains. What he earned as a farmer is not shown. It ought to be assumed that plaintiff proved his earnings at their best. There is no evidence showing past promotions. In this state of the record, the judgment cannot be sustained on decedent's prospect of advancement in the railway service.

The verdict being excessive, should plaintiff be permitted to remit the excess as a condition of having judgment for the balance affirmed? Defendant insists that there is no evidence of actionable negligence on its part and that it violated no duty owing to decedent. These propositions are met by assertions that eye-witnesses testified to facts showing, in substance, that after decedent left his caboose he was seen attempting to cross a track a few feet from the east end of a string of cars; that they were not in motion at the time; that when he was on the track the cars were moved eastward by an engine at the west end of the string; that the night was dark; that he was struck and knocked down by the car on the east end of the string; that there was no brakeman on the car which struck him; that it was moved without having a light thereon and without notice or warning of its approach, and that shortly afterward he came onto the platform of the station hotel injured in the manner already described. In connection with these asserted facts, plaintiff further insists the evidence shows that decedent was returning from his work; that it was necessary for him to cross the tracks in going home; that he was injured when he was in a place where he had a right to be; that employees of defendant, in going to and in coming from work, and cattle-men and caretakers of stock, in approaching and in leaving trains, were obliged to cross the track where the injury occurred; that the employees in charge of the switching in the yards knew decedent would attempt to cross the track about the time he was injured.

To establish negligence on part of defendant under the circumstances disclosed, plaintiff invokes the rules which

require a railroad company, for the safety of passengers, shippers, caretakers, employees and strangers who are rightfully in places of danger by invitation or permission, to give notice or warning of the movement or approach of engines, cars and trains. In this connection many cases applying well-established rules are cited. Are the principles invoked applicable to plaintiff's evidence? The situation in the switch-yards at Chadron is different from that presented by ordinary main lines and side-tracks at stations generally. Chadron is a division of defendant's railway system, where extensive switching facilities and storage tracks are required. Track-yards exclusively for that purpose are established there. North of the station buildings, in the yards where decedent was injured, there are seven tracks. The business of defendant necessitates the constant movement of engines, cars and trains in those yards. No street or walk of the city crosses defendant's yards north of the station buildings. The evidence does not show that there was any defined way or path which was used by the public or employees, in crossing the tracks north of the station buildings, nor that employees, in going to or in coming from their work, or shippers or caretakers, in approaching or in leaving trains, had taken any recognized or defined path or way; nor that the car which struck decedent was not being handled in the usual and ordinary manner; nor that there was a custom to have a brakeman on the car or a light thereon, or to give notice or warning of its movement under such circumstances; nor that those engaged in switching in the yards created a condition through which decedent was deceived as to the actual situation or misled into relaxing his vigilance for his own safety. The car was not moved rapidly. The petition alleges the contrary. When injured, decedent was not engaged in the performance of any duty of his employment. In the petition it is stated that he had finished his work as brakeman and was on his way home. He was an experienced brakeman. He was acquainted with the tracks and with the condition of the yards. He knew, as well as his employer

or his fellow servants, the method of switching and of handling engines and cars in the yards and of the attending dangers. When he attempted to cross the track where he was injured the attention of the members of the switching crew would necessarily be directed to their work. Decedent's faculties were not thus engaged. His attention was not diverted from his own safety by the duties of his employment while he was going home. If he was in possession of his faculties and in the exercise of ordinary care, there was nothing to divert his attention from his own peril. The darkness of the night and his knowledge of his surroundings would naturally stimulate his sense of danger. There is no evidence to sustain a finding that the injury was wantonly or wilfully inflicted. Cases requiring notice or warning to persons who are permitted to use a path across tracks and analogous cases do not apply to the present situation. Proof that there was no light on the car, that there was no brakeman thereon, and that it was moved without notice or warning, in connection with other facts disclosed, is not sufficient, under the circumstances of this case, to show actionable negligence. *Chicago, R. I. & P. R. Co. v. McIntire*, 29 Okla. 797, 119 Pac. 1008, and cases cited.

The judgment, therefore, is not sustained by sufficient evidence, and is for that reason reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., concurring in part.

I believe the case should be reversed and a new trial had for reasons unnecessary to set forth, since a majority of the court concur in the opinion; but I think there was sufficient proof to carry the questions of fact to a jury.

FAWCETT, J., concurring.

I concur in the judgment of reversal, on the ground that the amount of the verdict is so grossly excessive as to force the conclusion that it is the result of prejudice on the

part of the jury.  In such a case a remittitur does not reach the vice in the verdict.  The only way to reach it is through a new trial.

REESE, C. J., dissenting.

I cannot agree to the decision in this case.  My reasons for this dissent must be briefly stated.  I make no objection to the holding that the verdict and judgment are excessive, and think that the plaintiff should be required to remit the excess, or, failing so to do, that the judgment should be reversed.  But I can see no good reason why the judgment should be reversed *in toto*.  I desire to enter my most earnest protest against the doctrine that, as a matter of law, an employer may create binding rules upon its employees by simply following a custom created and established by itself.  Such a rule is vicious, unfair and unjust, and, in my opinion, is not good law.  If there were neither light, warning, nor brakeman in charge of the moving train and cars, it was for the jury to say whether under all the circumstances there was negligence on the part of defendant in not employing some safeguard.  By this opinion, and all others of its kind, the real and proper function of the jury is assumed by the court, and jury trials might as well be dispensed with.  It is a doctrine as old as the law of jury trials that all questions of fact are for the decision of the jury when sitting as triers of fact.  Why destroy that time-tried and time-honored function in cases of this kind by proclaiming a vicious rule of "custom" on the part of the employer, and then forcing the cases to bend to it?  In my judgment the whole theory is wrong.

I would not object to requiring a reasonable remittitur as a condition of affirmance, but am unwilling to go further.  I am familiar with the record in this case, having read it carefully and given it close study, and I can see no possible reason for destroying the judgment.