JAMES CAMPBELL, APPELLEE, v. UNION PACIFIC RAILROAD
COMPANY ET AL., APPELLANTS.

FILED NOVEMBER 17, 1916. No. 19035.

Railroads: ACCIDENT AT CROSSING: QUESTION FOR JURY. Whether en-
ginemen rung the bell or blew the whistle of a locomotive con-
tinuously for 80 rods before crossing a public highway as required
by statute is a question for the jury, where witnesses who were
in such position and condition that they would probably have
heard the signals, if given, testified that they did not hear the
whistle or the bell, and other witnesses testified that the whistle
was blown and the bell rung. Rev. St. 1913, sec. 6023.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Edson Rich, A. G. Ellick* and *T. F. Hamer,* for appel-
lants.

*H. D. Rhea* and *Edward B. McDermott, contra.*

ROSE J.

This is an action in the district court for Buffalo county
against the Union Pacific Railroad Company and one of its
engineers to recover damages in the sum of $15,030 for
injuries sustained by plaintiff in a collision with a freight
train at a public crossing near Odessa. From a judgment
in plaintiff's favor for $5,500, defendants have appealed.

Plaintiff charged defendants with negligence in failing
to give the signals required by the following statute:

"A bell of at least thirty pounds weight or a steam whis-
tle shall be placed on each locomotive engine, and shall be
rung or whistled at the distance of at least eighty rods
from the place where the railroad shall cross any other
road or street, and be kept ringing or whistling until it
shall have crossed such road or street." Rev. St. 1913, sec.
6023.

Defendants denied the negligence charged, and pleaded
that plaintiff was guilty of gross negligence in failing to

look and listen before going upon the railroad track. At the close of the testimony defendants requested a peremptory instruction in their favor on the grounds that negligence on their part was not proved, and that plaintiff was guilty of contributory negligence which was more than slight in comparison with the negligence imputed to them. The failure to direct a verdict for defendants presents the principal questions for review.

On the morning of December 30, 1913, plaintiff occupied a covered seat on the front end of an oil wagon, while driving a four-mule team westward on a public highway north of and parallel to the Union Pacific railroad in Buffalo county. When 50 feet or more from the railroad, he turned south toward a crossing about 300 feet east of the station at Odessa, where there were three tracks. A westbound freight train, consisting of a locomotive and eight or ten cars, struck the wheel-mules while they were on the north track. As a result of the collision plaintiff was injured. He testified that before turning south toward the railroad he thought he heard a whistle and stopped; that he looked back through an opening in the curtain of the wagontop, but neither heard nor saw a train; that he drove forward and looked both to the east and to the west; that there was a dense fog which obstructed his vision beyond 450 feet; that when the leaders were on the railroad he saw the engine 150 feet away, but was unable to get the team off the track in time to prevent a collision.

Defendants insist that plaintiff was guilty of gross negligence in failing to look and listen before going upon the railroad, and they argue that his testimony that he did not hear the train approaching shows he did not listen, since, had he exercised ordinary care in doing so, he would have heard the rumble of the train and a highway signal consisting of two long and two short blasts. In this connection reference is made to testimony tending to prove the following facts: At the time of the accident plaintiff wore a cap pulled down to his ears and a duck coat with the collar turned up. The road was rough and the ground

was frozen. Earlier in the morning, when 2½ miles from Odessa, he had heard a freight train 80 rods south of him. At a place a block south of the station the train which collided with plaintiff was heard by witnesses when it was more than a mile away. Two long and two short blasts of the whistle were given about 1,400 feet east of the crossing. The fireman pulled the bell cord and the engineer started the automatic bell. While defendants are correct in asserting that the record contains the proofs thus outlined, there is also candid and substantial testimony tending to show that neither the coat nor the cap worn by plaintiff covered the lobes of his ears. There is no evidence of the length of the train, which he heard at a distance of 80 rods, or of its speed. It is not shown that the situation and conditions which enabled witnesses to hear the approaching train a mile away were substantially the same at the crossing. There is no direct testimony that the bell was rung or that the whistle was blown continuously for 80 rods before the train crossed the highway. Defendants' witnesses did not state that a bell was rung continuously for 80 rods. It is not intimated that the whistle was blown continuously for that distance. The jury were not bound to find that a highway signal was given about 1,400 feet east of the crossing. Disinterested witnesses who were in such situation and condition that they would probably have heard the statutory signals, if given, testified that they did not hear them and that they did not hear a highway signal. Proof that plaintiff stopped before driving on the tracks is corroborated by the engineer. Plaintiff testified that he looked and listened, and that he did not see nor hear the train in time to prevent the collision. It may fairly be inferred from the testimony that the giving of the statutory signals would have prevented the collision. The evidence is sufficient to sustain findings that plaintiff exercised ordinary care before driving onto the track, that he was not guilty of contributory negligence, and that the failure to give the statutory signals was the proximate cause of his injury. *Wallenburg v. Missouri*

*P. R. Co.,* 86 Neb. 642. The law applicable to the evidence may be stated as follows: Whether enginemen rung the bell or blew the whistle of a locomotive continuously for 80 rods before crossing a public highway as required by statute is a question for the jury, where witnesses who were in such position and condition that they would probably have heard the signals, if given, testified that they did not hear the whistle or the bell, and other witnesses testified that the whistle was blown and the bell rung. *United Railways & Electric Co. v. Crain,* 123 Md. 332, 10 N. C. C. A. 571, and note.

The record indicates that the rulings of the trial court are in harmony with the views here expressed, and that there is no prejudicial error in the instructions, though some of them are criticised by defendants.

One of the assignments of error is misconduct of an attorney for plaintiff in making his argument to the jury. The complaint is that he made prejudicial assertions of fact having no support in the evidence. What counsel said was not taken down by the official stenographer, but was reported by affidavit only. The statements ascribed to plaintiff's counsel were assailed by counter-affidavits as inaccurate. Counsel was admonished by the trial court to confine his remarks to the evidence, and the jury were directed to consider proofs only. The presiding judge observed what took place, and its effect upon the jury, if any. He considered the affidavits on both sides of the controversy and overruled this assignment of error in the motion for a new trial. The jury's finding in favor of plaintiff is sustained by competent evidence, and it does not appear that defendants were prejudiced by the misconduct of which they complain, or that there was an erroneous ruling in regard to it.

Complaint is also made of the amount of the recovery, but there does not seem to be a substantial ground for interfering with the award of the jury. Plaintiff was severely shocked and suffered greatly. The evidence is sufficient to sustain a finding that his left arm was per-

manently stiffened at the elbow as the result of a compound denuded fracture, and that he was otherwise injured. His earning capacity was permanently impaired.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.