STAVROS TSIAMPRAS, ADMINISTRATOR, APPELLANT, v. UNION PACIFIC RAILROAD COMPANY, APPELLEE.

FILED FEBRUARY 14, 1920. No. 20670.

1. Negligence: PRESUMPTION. The general rule, subject to certain exceptions, is that the mere fact that an accident occurs raises no presumption of negligence on the part of either of the parties to it.

2. **Master and Servant:** ASSUMPTION OF RISK. An employee of a rail-road company, walking along the track in the country, assumes the risk of accident from moving trains.

3. ———: NEGLIGENCE. A member of a gang of section-men going for a pail of water, on starting in a particular direction, was called back by the foreman because he could not get through in the direction in which he had started, whereupon he went in the direction indicated, along the railroad track, and was afterwards struck by an engine. *Held*, not to constitute negligence on the part of the defendant company.

4. ———: ———. Evidence examined, and *held* not to show negligence upon the part of defendant in failing to exercise care to prevent accident after discovery of decedent in a place of danger.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Fred W. Anheuser* and *Will H. Thompson & Son,* for appellant.

*Edson Rich, C. A. Magaw* and *A. G. Ellick, contra.*

CORNISH, J.

Plaintiff's intestate, going for a pail of water for the section-men with whom he was working, in the country, was struck from the rear by defendant's engine and killed. Action for negligence under the federal liability act. The trial court instructed a verdict for defendant. Plaintiff appeals.

The mere fact that an accident occurs raises no presumption of negligence on the part of either of the parties to it. In probably a majority of the occupations in which men engage, whether in town or country, there is necessarily more or less risk of accident. We can imagine an attempt at absolute safety carried so far as to hinder industry and production needed for the comforts and necessities of life. The farm must be worked even though the colt may suddenly manifest a vicious disposition. Besides, no such attempt is needed, because, if every one exercises that care which the law requires, those accidents which could be avoided will be avoided.

Railroad tracks and switchyards are essentially places of danger. The person employed on or about them assumes those risks of danger naturally and properly incident to the work. Those in charge of moving cars or engines are not ordinarily expected to govern their movements with reference to those so engaged, whose duty it is to look out for trains, so as not to obstruct their movements. One walking along the track, as in the present instance, should use that vigilance which protects him from approaching trains. If, as the evidence indicates, gusts carying dust might have obstructed his vision, and also the vision of those in charge of the train, then, exercising ordinary care, decedent should have walked to one side of the track for safety. The engineer would be under no obligation to slacken the speed of the train until it would appear to him, as a reasonable man, that the pedestrian was not aware of the approach of the train, or was in immediate danger.

Negligence is alleged as follows: (1) Failure to blow the train whistle or ring the bell. (2) Failure to place slow-up flags on either side of the place where the gang was working. (3) Excessive speed and failure to slow up on approaching the gang. (4) Ordering the decedent to walk down the track when the decedent had selected a safe way. (5) Failure of the gang foreman to warn the gang of the train's presence. (6) Failure to stop the train, after seeing decedent, in time to avoid striking him. We will comment in the order of the charges.

1. The evidence shows that the whistle was blown and the bell rung at the regular place for doing so. It is true that some of the members of the gang swore they did not hear it. They did not swear it was not done. This is not surprising. The train had passed them and gone a considerable distance before reaching its regular place for blowing the whistle. The three men in charge of the train swore positively that the whistle did blow. Their evidence must prevail. *Rickert v. Union P. R. Co.,*

100 Neb. 304; *Zancanella v. Omaha & C. B. Street R. Co.*, 93 Neb. 774.

2. Slow-up flags were not required. Besides, slow-up flags for the gang would not have avoided the danger to decedent, who was about three-fourths of a mile distant.

3. The speed of 40 miles an hour was not excessive.

4. Defendant did not order decedent, as claimed in plaintiff's brief, to walk between the rails. He was free to walk on either side of the track. Plaintiff introduced evidence that, when decedent started for water, the foreman called him back, telling him that he could not get through in the direction in which he had started. This would not constitute neligence.

5. The evidence shows that the gang had been instructed as to the danger of passing trains. They would know, and be bound to know, the danger without specific instructions. The foreman would not know the exact times that trains would pass.

6. The track in either direction from where decedent was struck was for a considerable distance in a straight line. The engineer and fireman testified that from the time of seeing the decedent on the track everything was done that was possible to stop the train. The fact that he was not seen until about 200 feet distant is accounted for by occasional gusts containing dust present upon that day. His presence at the particular point where he was killed could hardly have been anticipated. The engineer and fireman testified to blowing the whistle at the regular place, when about 1,000 feet distant from the decedent. The fireman in his testimony became a little confused as to when he first saw decedent, but he testified positively that when he first discovered him the engineer had already seen him and was applying the brakes and ringing the bell. His testimony, fairly considered, corroborates that of the engineer. The distance was too short for stopping the train in time.

We find no negligence upon the part of the trainmen in failing to give the usual warnings, in failing to discover the dangerous condition of decedent, or in failing to do what they might have done after discovering him in a place of danger. The accident occurred by reason of decedent's failure to avoid those dangers, which it was his duty to avoid, and the risk of which he assumed.

For cases bearing upon the questions considered, see *Hoffman v. Chicago & N. W. R. Co.*, 91 Neb. 783; *Merkouras v. Chicago, B. & Q. R. Co.*, 101 Neb. 717; *Anderson v. Missouri P. R. Co.*, 95 Neb. 358; *Aerkfetz v. Humphreys*, 145 U. S. 418; *Land v. St. Louis & S. F. R. Co.*, 95 Kan. 441; *Casey v. Boston & M. R. Co.*, 231 Mass. 529; *Johnston v. Delano*, 100 Neb. 192; *Omaha & R. V. R. Co. v. Talbot*, 48 Neb. 627; *Jacobs v. Southern R. Co.*, 241 U. S. 229; *Glantz v. Chicago, B. & Q. R. Co.*, 87 Neb. 60; *Hooker v. Wabash R. Co.*, 99 Neb. 13; *Chicago, R. I. & P. R. Co. v. Wright*, 239 U. S. 548.

AFFIRMED.

DAY, J., not sitting.