WILLIAM SEIFFERT, ADMINISTRATOR, APPELLANT, V. WALKER
D. HINES, DIRECTOR GENERAL OF RAILROADS,
ET AL., APPELLEES.

FILED MARCH 1, 1922. No. 21717.

1. **Railroads: COLLISION: COMPARATIVE NEGLIGENCE.** When persons
approach a railroad crossing, ordinary care for their own safety
requires them to look and listen, where it will be of value to look
and listen, to ascertain if trains are approaching. In the absence
of facts calling for the application of the doctrine of "the last
clear chance," one who fails to take such a precaution, without
reasonable excuse, and is injured by a collision with a train or
engine, may not recover, unless his contributory negligence was
slight and the negligence of the defendant was gross in compari-
son, Rev. St. 1913, sec. 7892.

2. ———: ———: **CONTRIBUTORY NEGLIGENCE.** A coemployee of the
driver of a small one-seated automobile, who is standing upon the
running-board of the automobile facing forwards on the side of
the machine toward the direction from which a train is approach-
ing, is required to look and listen for approaching trains, and if
he fails to do so, or to notify the driver of the danger, if any, his
negligence contributes to the injury.

3. ———: ———: ———. Under the facts in this case the negli-
gence of plaintiff was more than slight in comparison with that of
defendant, and, hence, he is not entitled to recover.

APPEAL from the district court for Madison county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*M. F. Harrington* and *Gerald F. Harrington,* for appel-
lant.

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,*
contra.

Heard before LETTON, DEAN and DAY, JJ., SEARS and
WESTOVER, District Judges.

SEARS, District Judge.

It appears that Park avenue in the city of Norfolk ex-
tends in an east and west direction, and is intersected by
Seventh street running north and south. Immediately to

the east of Seventh street is the defendant's right of way, upon which several tracks of the defendant intersect Park avenue. To the west of the main line track are two switch tracks. From the main line track to the first switch track to the west is a distance of 35 feet. On the morning of the accident the plaintiff's intestate and two companions were traveling eastward along Park avenue in a Ford runabout, the deceased and the driver of the automobile being coemployees. The two companions occupied the seat of the car, one being at the wheel. Deceased was standing on the south side of the car on the running-board facing east, supporting himself by having his arm hooked around one of the bows of the Ford top, and was standing in a position where he could readily see to the east and the south. There were a number of freight cars on the first side track west of the main line track which stood about flush with the south sidewalk of Park avenue. As the occupants of the car came into Seventh street there was an unobstructed view to the south along the line of the road for a distance of more than half a mile. This view would be obstructed as the automobile was passing the end of the box cars, but after passing the end of the box cars the view south along the main line track was unobstructed. A passenger train on the defendant's line was approaching from the south, running at about 35 miles an hour. From the time the automobile entered upon Seventh street up to within 20 feet of the main line track, the automobile was running about 10 miles an hour. Neither of the parties in the automobile apparently were conscious of the approaching train until the automobile was within about 20 feet of the main line track, when the driver, observing the approaching train, in an effort to avoid a collision, threw on his brakes and turned his car toward the north. In doing so it brought the south side of the automobile in such close proximity to the passing train that deceased was struck by the breast beam of the engine, knocked to the pavement, and sustained fatal in-

juries.  Deceased was familiar with the situation, having crossed the tracks on many occasions.  Snow on the ground making the pavement slick interfered with the stopping of the automobile.

It appears that both the train and the automobile were running in excess of the speed limited by an ordinance of the city.  The question presented by the record is, admitting that the defendant was negligent in running its train at an excessive rate of speed, was the deceased guilty of such contributory negligence as to bar a recovery?  There is no question presented involving the application of the doctrine of "the last clear chance," so that that principle may be eliminated from the consideration of the case.

We think it may well be conceded that the evidence with respect to the negligence of the defendant is sufficient to take the case to the jury upon that point.  The real question in the case, however, and the one upon which it must turn, is whether the deceased was guilty of such contributory negligence as to defeat a recovery.  Plaintiff argues at considerable length that the negligence of the driver of the car cannot be imputed to the plaintiff's intestate, and cites a number of decisions in support of that rule.  That question, however, as we view the record, is not in the case. Deceased was standing on the running-board of the automobile facing east, and on the side of the car from which the train was approaching, from a distance of from 30 to 35 feet, he had a clear opportunity of seeing the approaching train after crossing the track upon which the box cars were standing, and had even a better opportunity of observing the approaching train than the other occupants of the automobile.  In this position, knowing that they were approaching the railroad crossing, it was his duty to look and listen for approaching trains.  In this regard the same obligation rested upon him as though he were driving the car himself.  It can be readily conceived that cases may arise in which a passenger, or a person other than the driver of the car, may be placed in such a

situation that a failure to look and listen may be reasonably excused, but the facts in this case do not present such a situation.

Some suggestion is made as to the doctrine of "the last clear chance," but the facts in the record do not call for the application of that rule.  After the automobile came across the switch track from behind the box cars, it was then too late for the engineer to have avoided the collision. Until the automobile came from behind the box cars there was nothing to indicate to the engineer that the occupants were in a place of danger.  Here the deceased knew that the automobile was approaching the crossing; he was in a position to look and listen for approaching trains; had he done so he could have warned the driver of the danger, or alighted from the moving automobile.  Having failed to do this, his negligence contributed to his injury, and amounted to more than slight negligence in comparison with that of the defendant.

We conclude, therefore, that the action of the trial court in directing a verdict for the defendant was proper, and the judgment is

