Adolph Lenz, appellant, v. Union Pacific Railroad Company, appellee.

Filed December 21, 1934. No. 29048.

*Fred P. Marconnit* and *Richard S. Horton,* for appellant.

*T. W. Bockes, T. F. Hamer, G. C. Holdrege* and *C. B. Matthai, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

GOOD, J.

This is an action brought under the federal employers' liability act, to recover damages for personal injuries. After plaintiff's evidence was adduced, the trial court, on defendant's motion, dismissed the jury and rendered judgment for defendant. Plaintiff has appealed.

Plaintiff, with others, was employed to repair defendant's railroad tracks a short distance west of Omaha. At that place defendant has a double main line track, with a passing track between the main line tracks. The passing track is about three-fourths of a mile long. When a train moving over the main line passes cars standing on the passing track the distance between the moving train and the standing cars is five feet, three inches. At the time in question defendant had placed on its passing track some four or five boarding and commissary cars for the use of the workmen engaged in repairing its tracks. Ingress to and egress from the commissary cars were by an upright ladder, fastened to the side of the commissary car.

Plaintiff, after having visited one of the commissary cars, descended from the car on the ladder and either stepped in front of or against a passing freight train and received the injuries of which he complains. The

evidence shows that at the point in question the track on which the moving train was coming was straight and parallel to the passing track for a distance of approximately 1,100 feet. The freight train was one of from 75 to 90 cars and was moving at a speed of from 20 to 25 miles an hour. The time was daylight and the oncoming train was visible at least for a distance of 1,100 feet. Plaintiff testified that before leaving the commissary car he "looked around" but saw and heard no train; he knew that from time to time trains were passing the commissary cars; that his eyesight and hearing were good. Plaintiff was 52 years of age and a man of considerable experience and fairly intelligent. He had been at work for the defendant but three days when the accident occurred.

Several acts of negligence are complained of. We think they may be summarized under two headings: (1) Negligence in placing the commissary cars on the passing track in such close proximity to passing trains, without having a flagman to warn approaching trains to proceed slowly and cautiously, and without a lookout to warn the workmen of approaching trains; and in placing commissary cars at a place where the workmen's view of the main line would be obstructed so that they could not see approaching trains; (2) that the crew operating the freight train were negligent in failing to sound a whistle or bell, or give any other warning of the approach of the train; in failing to keep a proper lookout for workmen who might be on or about the commissary cars, and in operating the train at an excessive rate of speed.

Since this action arises under a federal statute, the interpretation given that statute by the supreme court of the United States is controlling. If the decisions of that court preclude a recovery under the facts disclosed by the record, then plaintiff cannot recover, and the judgment must be affirmed.

In *Atlantic Coast Line R. Co. v. Driggers,* 279 U. S. 787, it was held:

"In an action under the federal employers' liability act,

if it appears from the record that, under the applicable principles of law as interpreted by the federal courts, the evidence was not sufficient in kind or amount to warrant a finding that the negligence of the railroad company was the cause of the death, the judgment must be reversed.

"Upon the facts of this case, *held* that death of a railway switchman who stepped from the foot-board of a moving switch engine and fell or was thrown against the side of another engine drawing a passenger train on an adjacent track, was attributable solely to his own negligence and not to any negligence of the railway company." In that case the distance between parallel railway tracks was slightly less than in the instant case.

In *Toledo, St. L. & W. R. Co. v. Allen*, 276 U. S. 165, appears the following statement of facts:

"Plaintiff, while checking cars in a switching yard, was struck by a car shunted down the next track. While the space between the two tracks (in which he was standing) was sufficient to enable him to keep out of the way of moving cars, the danger attending his work would have been lessened if the space had been greater. The accident occurred at night. The cars moved at from four to six miles an hour; they were unlighted and unattended and no one warned plaintiff of their approach. He knew that switching was being done. There was nothing to show that the ordinary practice was departed from. He brought suit under the federal employers' liability act, alleging that his injuries had been caused by the failure to maintain an adequate space between tracks and by the failure to warn him of the approach of the car. *Held:*

"The evidence is not sufficient to warrant a finding that defendant failed in any duty owed plaintiff in respect of the distance between tracks. Carriers, like other employers, have much freedom of choice in providing facilities and places for their employees, and courts will not prescribe the space to be maintained between tracks nor leave such questions to the uncertain and varying opinions of juries.

"In the absence of proof that plaintiff was exposed to some unusual danger by reason of a departure from the practice generally followed, it cannot be held that defendant was in duty bound to give warning by ringing the engine bell or otherwise.

"Except as specified in section 4 of the federal employers' liability act, the employee assumes the ordinary risks of his employment and, when obvious or fully known and appreciated, the extraordinary risks and those due to negligence of his employer and fellow employees. On the evidence it is *held* that plaintiff assumed the risk."

This court in *Hoffman v. Chicago & N. W. R. Co.*, 91 Neb. 783, adopted the same view. It was therein held: "In an action against a railroad company for causing the death of a brakeman by backing a car against him in the nighttime, evidence that there was no light on the car, that there was no brakeman thereon, and that it was moved without notice or warning, *held* insufficient, in absence of a custom requiring such notice or warning, to prove actionable negligence, where decedent was an experienced brakeman familiar with the switch-yards and with the methods of switching therein, and was injured while crossing a switch-track in the private switch-yards of his employer on his way home from work; there being nothing to show that the car was not being moved in the usual and ordinary manner."

Under the decisions of the federal courts, we are required to hold that negligence cannot be predicated upon the distance between the passing track and the main line track, and the failure to have a flagman to warn the crew of the approaching train, or to post a lookout to warn the workmen of approaching trains, in the absence of a showing of departure from the usual custom.

The evidence clearly indicates, beyond question, that the cars on the passing track were not so placed as to obstruct plaintiff's view for at least a distance of 1,100 feet in the direction from which the moving train was coming. No negligence in that respect is shown. Like-

wise, under the decisions of the United States supreme court, it was not incumbent upon the members of the train crew to give warning, by whistle or by ringing a bell, to employees of the approaching train, under the circumstances disclosed by the record. The train crew were not negligent in failing to keep a lookout for employees going upon the main line track. According to the record, they could have had no knowledge of plaintiff's intention or of his danger until the instant of the accident. Negligence in that respect is not disclosed.

Finally, it is contended that the train was being operated at an excessive rate of speed. Plaintiff's evidence discloses that the train was moving at the rate of from 20 to 25 miles an hour. It was over the main line track, and there is no evidence to indicate that such a rate of speed was excessive or a departure from the usual custom of moving trains under similar conditions. No actionable negligence in this respect is disclosed.

It may be observed that, had plaintiff listened as he was descending the ladder from the car, it seems incredible that he could not, and would not, have heard an approaching train of 75 to 90 cars moving at the rate of from 20 to 25 miles an hour. It is absolutely true that, had he looked in the direction from which the train was coming, while he was descending the ladder, he would not have failed to see the approaching train, and the danger in going upon or in close proximity to the main line track was obvious. From the entire record, it seems clear that plaintiff's injuries resulted from his own lack of caution and care.

The judgment of the district court is right and is

AFFIRMED.