LAUREN E. ELLINGSON ET AL., APPELLANTS, V. DOBSON
BROTHERS CONSTRUCTION COMPANY, A CORPORATION,
ET AL., APPELLEES.

114 N. W. 2d 522

Filed April 13, 1962. No. 35136.

*Smith Brothers* and *Lawrence F. Weber,* for appellants.

*Stewart & Stewart,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action based on negligence for damages to an automobile owned by the plaintiffs, Lauren E. Ellingson and Bonnie L. Ellingson, which was at the time involved operated by Bonnie L. Ellingson, against Dobson Brothers Construction Company, a corporation, and Jack C. Pentico, who are defendants. The plaintiffs are appellants here and the defendants are appellees.

The case was presented to a jury. At the conclusion of the evidence on behalf of the plaintiffs, the defendants moved in the alternative for a directed verdict in their favor or for dismissal on the ground that no actionable negligence on the part of the defendants had been shown, and that the evidence on behalf of plaintiffs showed that the driver of an automobile of the plaintiffs failed to use proper care under the circumstances. The motion to dismiss was sustained on the ground stated in the judgment that the driver of plaintiffs' vehicle was guilty of contributory negligence. Motion for new trial was duly filed. This motion was overruled. From the judgment and the ruling on the motion for new trial the plaintiffs have appealed.

The question presented on this appeal is the propriety of the removal of this case from consideration of the jury based on the proposition that the record made disclosed that the driver of the plaintiffs' automobile was guilty of contributory negligence as a matter of law which defeated any right on their part to recover. There are four assignments of error asserted as grounds for reversal, but they present only this question.

The factual situation on which the determination herein must depend is substantially as follows: On September 15, 1960, at about 4:45 p.m., the plaintiff Bonnie L. Ellingson was operating a Mercury automobile, owned in joint tenancy by both plaintiffs, northward on a highway from a street running east and west through Overton, Nebraska. The highway was being repaired. The kind and character of repair has not been described. The highway was not barricaded and it was being used generally by the public and by the plaintiffs. Its surface was hard but there was no evidence of black-top. The exact width of the used portion of the highway was not disclosed but the only inference of which the record is capable is that it had separate lanes for northbound and southbound traffic. There is no evidence of obstructions to traffic moving in either direction. In the auto-

mobile with this plaintiff was another woman and a child.

On this northward journey a water or tank truck owned by the defendant Dobson Brothers Construction Company was observed moving northward on the east or right side of the road. It was operated by the defendant Jack C. Pentico. This plaintiff followed for some distance at a rate of speed estimated at from 35 to 40 miles an hour. The distance between the vehicles was from 50 to 75 feet. After the vehicles had passed a second highway intersection north of Overton a distance of 100 to 150 yards the driver of the truck, without warning of any kind, turned right into a shallow road ditch and stopped with a small part of the rear end of the truck remaining on the highway. At that time this plaintiff was driving about 50 feet behind.

When the truck left the highway this plaintiff sounded the horn on her automobile, reduced her speed to 20 to 25 miles an hour, and moved over to the west side of the southbound lane. She attempted to stop but she is not sure that she did. At this point the truck was backed across the highway and into the side of plaintiffs' automobile.

The purpose of this backing up has not been disclosed. The driver stated that he did not hear the sound of the horn on plaintiffs' automobile and could not have heard it on account of the noise made by the truck he was operating. He made no effort to ascertain what was back of him except that while he was backing up he looked in his rear-vision mirror and saw nothing.

A well-established rule is the following: "Where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination." Corbitt v. Omaha Transit Co., 162 Neb. 598, 77 N. W. 2d 144. See, also, Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605.

Another rule is as follows: "Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence." Welsh v. City of South Omaha, 98 Neb. 148, 152 N. W. 302. See, also Grantham v. Watson Bros. Transp. Co., on motion for rehearing, 142 Neb. 367, 9 N. W. 2d 157; Thomas v. Owens, *supra*.

There is another rule which strictly speaking has no application in this case since no evidence was adduced by the defendant, but since there is a relation to what must properly be considered in cases involving the comparative negligence doctrine it ought to be stated. This rule is as follows: "Where evidence is in conflict and such that reasonable minds may draw different conclusions therefrom, the questions of negligence and comparative and contributory negligence are for the determination of the jury." Parks v. Metz, 140 Neb. 235, 299 N. W. 643. See, also, Grantham v. Watson Bros. Transp. Co., 142 Neb. 362, 6 N. W. 2d 372.

Under the decisions of this court it must be said that the plaintiffs had the right to use this highway though it was under repair. This right however was not without limitation. The duties of the party making the repairs and of the plaintiffs were stated in Fahrenbruch v. Peter Kiewit Sons' Co., 148 Neb. 460, 27 N. W. 2d 680, as follows: "* * * where a highway under construction or repair is being used permissively in a limited manner by adjacent residents, it must be kept and maintained by the contractor in a reasonably safe condition for the use of those driving thereon, who are at the same time required to exercise reasonable care under the peculiar circumstances and conditions confronting them by keeping a constant lookout and vigilant caution for obstructions incident to the progress and completion of the work." See, also, Miller v. Abel Construction Co., 140 Neb. 482, 300 N. W. 405.

In the light of the analysis of the facts and in the light of these rules, it is difficult to see how a reasonable conclusion could be arrived at, the effect of which would

be to say that the driver of the plaintiffs' vehicle was guilty as a matter of law of contributory negligence sufficient to defeat a right of recovery. In truth on the evidence in the record a verdict which would have the effect of a finding that the driver of plaintiffs' vehicle was not guilty of any negligence causing or proximately contributing to the accident would have to be sustained.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.