**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a Corporation, Appellant,**

v.

**Eldon BENINGER, Appellee.**

**No. 18409.**

United States Court of Appeals Eighth Circuit.

March 9, 1967.

Harry B. Otis, of Gaines, Spittler, Neely, Otis & Moore, Omaha, Neb., for appellant.

Frank B. Morrison, Jr., of Eisenstatt, Higgins, Miller, Kinnamon and Morrison, Omaha, Neb., for appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by defendant railroad from a judgment for $17,908.00 entered against it on a jury verdict in favor of plaintiff, Eldon Beninger. Plaintiff's action, predicated on defendant's negligence, is for damages for injuries he suffered in a collision which occurred about 4 p. m. on December 13, 1961, between defendant's train and an automobile driven by Alton Bruns in which plaintiff was a passenger, occupying the right front seat. The accident occurred at a point just north of Dunbar, Nebraska, where the railroad intersects Nebraska Highway No. 67. The automobile was traveling north. The tracks cross the highway at an angle running from northwest to southeast. The train was traveling southeast. Both the automobile and the train were traveling at a speed of about twenty miles per hour. Additional facts to the extent necessary will be developed hereinafter.

Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

Defendant by its pleadings, motion to direct verdict at the close of plaintiff's case and again at the close of all the evidence and motion for judgment n. o. v., raised the issues which it asserts upon appeal. All such motions were overruled by the trial court.

Upon this appeal, defendant urges the court erred in denying his motions for directed verdict and judgment n. o. v. for each of the following reasons:

I. There is no substantial evidence to support a finding that defendant was guilty of negligence in any respect charged by the plaintiff.

II. The evidence conclusively establishes that the negligence of the driver of the automobile in which plaintiff was riding was the sole proximate cause of the accident. There is no evidence to establish that the negligence, if any, of the defendant was the proximate cause of plaintiff's injuries.

III. Plaintiff is as a matter of law himself guilty of contributory negligence which is more than slight in comparison with the negligence of the defendant.

We hold that defendant has failed to establish each of the foregoing contentions and hence the judgment is entitled to be affirmed. While the defendant has also filed a motion for new trial which was overruled, no issue has been raised with respect to such ruling. The only issues reached in this appeal are those growing out of the ruling denying the motion for judgment n. o. v.

■ This accident occurred in Nebraska. The substantive law of Nebraska controls. The question of whether state law or federal law controls on the sufficiency of the evidence to support a verdict is still an open question. See Dick v. New York Life Ins. Co., 359 U.S. 437, 444–455, 79 S.Ct. 921, 3 L.Ed.2d 935; Ozark Air Lines, Inc. v. Larimer, 8 Cir., 352 F.2d 9, 11. Both parties have argued this case upon the basis that Nebraska law controls upon this issue. When confronted with a similar problem in Wray M. Scott Co. v. Daigle, 8 Cir., 309 F.2d 105, we examined the Nebraska cases and determined that the Nebraska standard for determining the sufficiency of evidence to support a verdict is substantially the same as the federal standard. We set out the standards to be applied in determining the sufficiency of the evidence to support the verdict as follows:

"(1) All facts which plaintiff's evidence reasonably tends to prove must be assumed to have been established, and all inferences fairly deducible from such facts must be drawn in his favor; (2) the verdict should be directed only where all the evidence is on one side or so overwhelmingly on one side as to leave no doubt what the fact is; (3) the question of negligence is usually one of fact for the jury, and it is only where the evidence, even though it be uncontradicted, is such that all reasonable men must draw the same conclusion from it that the question of negligence becomes one of law for the court; (4) where inconsistent inferences reasonably may be drawn from the evidence, it is for the jury to determine which of the inferences shall be drawn; (5) when the sufficiency of the evidence to make a case for the jury presents a doubtful question of local law, the court of appeals will accept the views of the trial court unless convinced of error; (6) the burden of demonstrating error is upon the appellant." 309 F.2d 105, 108–109.

The recent Nebraska cases appear to be in accord with the foregoing principles. Willey v. Parriott, 179 Neb. 828, 140 N.W.2d 652; Beck v. Trustin, 177 Neb. 788, 131 N.W.2d 425; Costanzo v. Trustin Mfg. Corp., 176 Neb. 136, 125 N.W.2d 556; Ellingson v. Dobson Bros. Const. Co., 173 Neb. 659, 114 N.W.2d 522.

We proceed to apply the foregoing principles in determining the issues raised by the defendant.

■ The court submitted to the jury three specifications of negligence pleaded by the plaintiff, to wit, (1) failure to give proper warning of the train's approach by sounding the bell or whistle as required by Revised Statutes of Nebraska § 74–573; (2) failure to clear right-of-way of obstructions consisting of trees, brush and weeds; (3) failure to keep a proper lookout.

If plaintiff has made a case for the jury upon any one of the foregoing specifications of negligence, defendant's motion was properly overruled with respect·

to the ground that no negligence on the part of the defendant was established.

Section 74–573 requires the train crew to ring the bell or blow the whistle, commencing at least 80 rods from an intersection, and to continue such ringing or whistling until the intersection is passed. Liability is imposed for damages for failure to do so. Defendant contends that it has presented positive, reliable evidence that the required signal had been given, and that plaintiff's testimony upon this issue is negative in character and insufficient as a matter of law to overcome defendant's positive testimony. With respect to the requisite proof upon this issue, the rule has been thus stated:

" 'The testimony of witnesses, who were near the place of the accident at the time, that they did not hear the bell, without further explanation, is not sufficient to overcome positive evidence of reliable and competent witnesses that the bell was ringing.' " Milk House Cheese Corp. v. Chicago, B. & Q. R. Co., 161 Neb. 451, 73 N.W.2d 679, 687.

See Nanfito v. Chicago, B. & Q. R. Co., 103 Neb. 577, 173 N.W. 575; Tsiampras v. Union P. R. Co., 104 Neb. 205, 176 N.W. 366.

Plaintiff and Bruns each testified that as they approached the track their car radio was turned off and that a window was open. Each testified that he did not hear the signal. In our view, there is sustantial evidence to support an inference that plaintiff and Bruns were in a position to hear a signal if given. Additionally, a disinterested witness living near the track at the accident scene testified that he heard the train whistle for a crossing a mile back and didn't again hear the whistle. Upon cross-examination, the testimony is: "Q. Is it possible that the whistle might have blown after the time you heard it and you went into the house and you just didn't hear it? A. It is possible, but not probable."

The engineer and fireman testified that the whistle blowing commenced at the whistle post 80 rods from the crossing and that the bell was constantly ringing. The brakeman testified he heard the whistle but that he was not aware of the location of the train at the time it was sounded. The conductor states that he has no specific recollection of the details surrounding the whistling. Mrs. Roos, who lived near the accident scene, testified for the defendant at the trial that she heard five or six whistle blasts in series. She was in her house and did not see the train so is unable to tell at what point in the train's course the whistle sounded. She did not hear the accident impact. She admitted on cross-examination that she had given a statement that she had no recollection of the accident and could not say whether or not the whistle was blown.

We believe that there is respectable Nebraska authority for a determination under the facts of this case that a jury issue is presented on the statutory signal issue. Brunk v. Chicago, B. & Q. R. Co., 8 Cir., 207 F.2d 354, 357–358; Kepler v. Chicago, St. P. M. & O. Ry. Co., 111 Neb. 273, 196 N.W. 161, 164; Hook v. Payne, 190 N.W. 581, 582; Campbell v. Union Pac. R. Co., 100 Neb. 375, 160 N.W. 101, 102.

There is substantial evidence to support a finding that brush and weeds were permitted to grow on the railroad right-of-way and that such growth at least obstructed to a considerable extent the view of the train from the highway on which plaintiff was approaching. Plaintiff and Bruns both testified that the car windows were clear and that they looked at the tracks in the direction from which the train was approaching at several points and that they did not see the approaching train until they reached a point about two-car lengths from the track. The photographic exhibits clearly disclose a substantial amount of weeds and brush along the railroad right-of-way.

The Nebraska court has apparently never squarely decided whether permitting weeds and brush to remain upon the right-of-way is sufficient to constitute an independent ground of negligence. The Supreme Court of Nebraska did hold

in Hook v. Payne, supra, that the presence of brush and weeds on the right-of-way constitute a factor in determining comparative negligence of the parties and is entitled to consideration by the jury. See 44 Am.Jur. Railroads, §§ 505, 507.

▉ Defendant's second contention is that the negligence of the car driver is as a matter of law the sole proximate cause of the accident and that its negligence is not a proximate cause of the accident. Of course if it is conclusively established that the negligence of the driver is the sole proximate cause of the accident, plaintiff could not recover. Bergendahl v. Rabeler, 133 Neb. 699, 276 N.W. 673.

▉▉ An accident may be proximately caused by separate and distinct acts of negligence of different parties which concur in producing the accident. Where negligence is established, the issue of probable cause is usually one of fact for the jury. See Bailey v. Pennington, 8 Cir., 274 F.2d 328, 334; Morse v. Gray, 166 Neb. 557, 89 N.W.2d 842, 848.

No contention is here made that the plaintiff has any other status than that of a gratuitous passenger in a private automobile. Defendant does not claim that any basis exists for imputing the negligence of the driver to the passenger.

▉ In Kepler v. Chicago, St. P., M. & O. Ry. Co., 111 Neb. 273, 196 N.W. 161, the Nebraska Court follows the well-established rule that a guest passenger in a private automobile may recover against a railroad for negligence which approximately causes the injury, notwithstanding the fact that the negligence of the host driver was also a proximate cause of the injury. See Union Pac. Ry. Co. v. Lapsley, 8 Cir., 51 F. 174. In our present case, if the jury found defendant negligent as charged, we have no doubt that an evidentiary basis exists for determining such negligence to be a proximate cause of plaintiff's injuries.

▉ Finally, defendant vigorously asserts that plaintiff was himself guilty of contributory negligence more than slight when compared to defendant's negligence, as required by the Nebraska Comparative Negligence Statute, Rev.Stat.Neb. § 25–1151, and that such contributory negligence on the part of the plaintiff precludes a recovery as a matter of law.

Defendant relies upon statements in Nebraska cases, such as that in Neusbaum v. Chicago & Northwestern Ry. Co., 162 Neb. 754, 77 N.W.2d 299, 301, reading:

"Seiffert v. Hines, 108 Neb. 62, 187 N.W. 108, 109, is quite comparable to this case. There the rider was killed. Plaintiff was the administrator of his estate. There it was claimed that the negligence of the driver could not be imputed to plaintiff's intestate. There the deceased and the driver were co-employees. There the deceased was familiar with the track in question. There the deceased had a clear opportunity of seeing the approaching train and a 'better opportunity' than the driver. These conditions exist in the instant case. We there held, applicable here, that: 'In this position, knowing that they were approaching the railroad crossing, it was his duty to look and listen for approaching trains. In this regard the same obligation rested upon him as though he were driving the car himself.' "

Particular reliance is placed upon the last sentence of such quotation. In the paragraph prior to the one quoted the *Neusbaum* court observes that the plaintiff and the driver were coemployees engaged in a mission to feed and care for cattle and in this respect, distinguishes the case factually from *Kepler*, supra.

In *Kepler*, a guest was allowed recovery. The Court observes:

"It would be demanding more than ordinary care on the part of the guest to require her to know the limitations of her host. She had a right to assume that he was a reasonably careful and capable driver. She was justified in believing that any driver, and particularly the owner of a car, would be able to stop within the distance referred to." 196 N.W. 161, 164.

We believe that Bailey v. Pennington, 8 Cir., 274 F.2d 328, makes it clear that a difference exists between the duty of a passenger and that of a joint-venturer with respect to keeping a lookout. We held the passenger to be a guest, stating:

"Admittedly, a passenger in an automobile is under a duty to warn the driver of any perceived danger and he may be found guilty of contributory negligence, as a matter of law, for his failure to do so. * * * However, whether or not the warning which had been given here was timely and adequate was clearly a jury question. * * * The trial court erred in holding that the plaintiff was guilty of contributory negligence as a matter of law." 274 F.2d 328, 334.

In Morse v. Gray, 166 Neb. 557, 89 N.W.2d 842, 848, the court reversed a directed verdict against the plaintiff passenger and with respect to a passenger's duty of care, stated:

" 'The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinary prudent person under similar circumstances. The guest is not required to exercise the same degree of care as the driver. If the guest observes danger, or if danger should ordinarily be anticipated, the guest should warn the driver, but ordinarily a guest is not required to watch the road or advise the driver in the management of the car. Where a driver observed or should have observed the danger as well as the guest, the guest is not ordinarily negligent in failing to warn the driver.' "

In Ellingson v. Dobson Bros. Const. Co., 173 Neb. 659, 114 N.W.2d 522, the court in reversing a directed verdict against plaintiff driver sets out the following guiding principles:

"Another rule is as follows: 'Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence.' * * *

" 'Where evidence is in conflict and such that reasonable minds may draw different conclusions therefrom, the questions of negligence and comparative and contributory negligence are for the determination of the jury.' " 114 N.W.2d 522, 525.

This court in cases arising from Nebraska has likewise held:

"But if on all the evidence reasonable minds might fairly differ in their conclusion as to the existence of contributory negligence or as to its degree being more than slight in the circumstances, the question is for the jury to determine. * * *

" 'The test under Nebraska's comparative negligence statute is not based upon absolute degrees of negligence but rather upon a comparative test of the relative degrees of negligence between the parties.' " Hutchinson v. Fouts, 8 Cir., 349 F.2d 946, 951; Continental Can Co. v. Horton, 8 Cir., 250 F.2d 637, 644.

In our present case, the testimony is that the automobile was approaching the tracks on an icy road at a speed under twenty miles per hour. The engineer saw the car skid when about seventy-five feet from the tracks and immediately put on the emergency brake but was unable to stop. Both plaintiff and the driver testified they looked for approaching trains on several occasions as they drew near to the tracks but that they did not see the train until they were about two-car lengths from the track, at which time the brakes were applied. Both plaintiff and the driver saw the train at about the same time. At such a time a warning would serve no purpose and would only tend to confuse the driver. See Weber v. Stokeley-Van Camp Inc., 274 Minn. 482, 144 N.W.2d 540.

The issues presented by this case are close and difficult. It is neither the function of the trial court nor of this court to try a case submitted to a jury de novo. Our task is to determine the sufficiency of the evidence to support the verdict. We believe that the trial court

reached a permissible conclusion upon the basis of Nebraska law in overruling defendant's motions for directed verdict and for judgment n. o. v.

The judgment is affirmed.