The Chicago and Wilmington Coal Company

*v.*

Andrew R. Liddell.

1. Statute of Frauds—*must be pleaded.* In an action upon a verbal contract, in which the defendant pleaded only the general issue, it was *held,* that the defendant could not take advantage of the Statute of Frauds, even if the contract was within it.

2. Same—*to pay board, when not collateral.* Where a party contracts to pay for the board of miners out of funds in his control, the contract not being collateral, but primary, there being no contract with the miners by the person boarding them, the contract is not within the Statute of Frauds.

3. Contract—*when terminated.* Where a coal company employs a person to board its miners, there being no time fixed for the continuance of the agreement, either party may terminate it, on notice to the other. Refusing to pay the board agreed to be paid will not, of itself, destroy the contract, but the company will still remain liable for board after such refusal.

4. Evidence—*refreshing witness' memory.* In a suit to recover pay for boarding a lot of miners, the plaintiff, in his testimony, referred to the bill of particulars made out by another under his direction, and testified that he knew it to be correct. He testified, from recollection, to the number of men boarded, the rate per week and the aggregate: *Held,* no error in allowing him to refer to the account, as he could not be expected to give the name of each man who boarded with him.

5. It is no objection to testimony, if a witness is permitted to refer to a paper to refresh his memory, provided he can say he knows the items to be correct because they were true when made and placed in his book.

Appeal from the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding.

Messrs. GOODSPEED & SNAPP, for the appellant.

Messrs. BARBER & MUNN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Will circuit court, brought by Andrew R. Liddell, against the Chicago and Wilmington Coal Company, on a contract to furnish boarding for certain workmen employed by the company in mining coal. The declaration contained, also, the money counts, and an account stated. The plea was *non assumpsit,* and a trial by jury, who found for the plaintiff. A motion for a new trial was overruled, and judgment rendered on the verdict, to reverse which defendant appeals.

The first point made by appellant is, that the contract, as set out in the declaration. not being in writing, was void, as within the Statute of Frauds. It is a sufficient answer to this objection to say, the statute was not pleaded.

But the evidence shows the undertaking was not collateral, but primary. No contract was made with any one of the miners for board, but defendant undertook, in the first instance, to pay their board, at the rate of five dollars per week, the company having control of the fund out of which it was to be paid.

As to the alleged variance between the contract set out in the declaration and that proved, we perceive no substantial difference. There is no essential variance.

Upon the point that there was no time fixed for the continuance of the agreement, it is conceded either party could terminate it, after due notice given. Such notice was not given. Though the superintendent, Walker, repudiated the payment on the January pay day, that did not destroy the contract. The company remained liable, notwithstanding this refusal to stop the pay.

The principal objection made by appellant, is, in allowing the witnesses, Liddell, Eggleton and Gray, to testify from the bill of particulars filed in the cause. Liddell testified the bill was made out by one Torrey, employed by him for that purpose, from the book kept by Liddell; that Torrey made it by Liddell reading off the names to him and telling him; and he testifies, "I know when that was wrote, and know it was correct." It was not important he should be able to give the name of each man who boarded at his house, but the number of men, and the length of time, in the aggregate, and rate per week, and the total amount due him, was testified to from his own memory. It is no objection to testimony, if a witness is permitted to refer to a paper to refresh his recollection, provided he can say he knows the items to be correct because they were true when made and placed in his book. Liddell had testified he knew the amount was correct.

As to the instructions, we think they were properly disposed of by the court. The whole case shows there was no other declaration before the court, in the trial of the cause, but the amended declaration, which stood as a new declaration, the first count of which is upon the contract.

A careful inspection of the whole record satisfies us that justice has been done, and we must affirm the judgment.

*Judgment affirmed.*