Lance v. Pearce et al.

Filed May 2, 1885.

No. 12,312.

### LANCE v. PEARCE ET AL.

EVIDENCE.—*Delivery of Goods May be Inferred from Circumstances.*—In an action to recover the value of goods sold and delivered, the delivery need not necessarily be proved by direct evidence, for it may, like any other fact, be inferred from circumstances.

STATUTE OF FRAUDS.—*Charging Goods to Third Person.*—*Collateral Promise.* —The mere fact that the seller of goods, at the request of the buyer, charges them to a third person, does not make the buyer's promise to pay a collateral one within the statute of frauds, but such promise is an original undertaking, and is not voidable under the statute.

From the Gibson Circuit Court.

C. A. *Buskirk*, for appellant

H. A. *Yeager*, for appellees.

ELLIOTT, J.—The appellant asks a reversal upon the ground that the evidence fails to prove some of the essential elements of the appellees' case.

It is true that in order to recover upon a complaint for the value of goods sold and delivered, the plaintiff must prove a delivery, but it is not true that this must be done by direct evidence, for it may, like any other fact, be inferred from circumstances. As there was indirect evidence fully warranting the conclusions of the trial court upon this point, we can not disturb it.

The evidence shows that the goods were sold to the defendant, although they were charged to Albert Kendle at his request. The fact that the goods were charged to Kendle was a mere circumstance tending to support the appellant's theory, but it is not of such force as to control the positive testimony upon which the court acted.

The mere fact that the appellees in compliance with appellant's request charged the goods to Kendle does not make the promise of the appellant a collateral one within the statute of frauds. If the goods were sold to the appellant, and if he promised to pay for them, the undertaking was an original one, and is not voidable under the statute. A buyer can not evade paying for goods sold to him solely upon the ground that they were charged to another person. The fact of the charge to a third person affords some evidence that the original contract was with him, but the evidence is by no means of a conclusive character, and in this instance the evi-

dence strongly and satisfactorily shows that the goods were sold directly to the appellant.

Judgment affirmed.

Filed May 16, 1885.