## J. N. PEYSON v. CONNIFF & SHELLABARGER.

[FILED JUNE 30, 1891.]

| 32 | 269 |
| 62 | 835 |

**Statute of Frauds:** ORIGINAL PROMISE. Where goods, money, or services are furnished to a third person, at the request and on the credit of the promisor, the undertaking is original and the promisor will be liable although the promise is not in writing.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Jay Bros.*, for plaintiff in error, cited : *Rose v. O'Linn* 10 Neb., 364; *Duffy v. Wunsch*, 1 Am. Rep. [N. Y.], 514; *Mallory v. Gillett*, 21 N. Y., 413; *Pfeiffer v. Adler*, 37 Id., 164; *Brown v. Weber*, 38 Id., 184.

*Burton & Bevington, contra,* cited : 1 Parsons, Contracts, 217, 220; 3 Id. [7th Ed.], 21; *Watkins v. Perkins*, 1 Ld. Raym. [Eng.], 224; *Bird v. Gammon*, 3 Bing. [N. C., Eng.], 883.

MAXWELL, J.

The defendants in error brought an action against the plaintiff in error, and alleged in their petition : " That on or about the 4th day of June, 1887, in Woodbury county, Iowa, the defendant entered into and made a contract with plaintiff agreeing to pay whatever sum might become due said doctors for their professional services for taking care of and treating one A. Hanstine, whose skull had been fractured in defendants' saloon in Covington, Nebraska; that plaintiff, acting upon said agreement, performed the services mentioned in 'Exhibit A' hereto attached, which is made a part of this petition, and is a true copy of the charges made in plaintiff's day book, giving date and kind of services rendered; that said entries were made in due

course of business, and in each and every case immediately after services rendered, and that each and every charge was made in pursuance of said contract, and therefore charged, as shown in 'Exhibit A,' to the defendant J. N. Peyson; that the charges are reasonable, and plaintiff has made demand of payment from said defendant, but has received no further payment than is shown by 'Exhibit A,' and that there is now due and owing plaintiff from the defendant the sum of $129, no part of which has been paid."

To this petition the plaintiff in error filed an answer as follows:

"That defendant denies that on or about the 4th day of June, 1887, he entered into an oral agreement with the plaintiffs, by which he agreed to pay the said plaintiffs whatever sum might become due the said plaintiffs for their professional services, for taking care of and treating one A. Hanstine.

"Second—Denies that the defendant entered into the contract set forth in the said petition, with the plaintiff, or with any person, and the contract sued on is void under the statute of frauds of this state.

"Third—Defendant further answering the said petition, denies each and every allegation in said petition set forth, not otherwise answered."

On the trial of the cause a jury was waived and the cause submitted to the court, which found in favor of the defendants in error, and rendered judgment accordingly.

An itemized copy of the account sued on was introduced in evidence, and is now before us, which tends to show that the charges were made against the plaintiff in error.

The testimony shows that at the time these services were rendered, the plaintiff in error was keeping a saloon in Covington, Nebraska, and that one A. Hanstine was injured in an altercation in that saloon; that Dr. Shellabarger, one of the defendants in error, was called in to attend him. Up to this point there is no conflict in the testimony.

Dr. Shellabarger testified, in substance, that the plaintiff in error came to him and stated that the injuries had been inflicted in his saloon, and he felt great anxiety to have Hanstine recover from his injuries, and said to the doctor that if he would attend Hanstine he would pay the charges; that in pursuance of such promise the doctor did render the services for Hanstine, and charged the bill to the plaintiff in error. On the other hand, the plaintiff in error denies that he employed the doctor or promised to pay him. He admits, however, that he did pay $10 of the bill, but says in effect that he deems the charges excessive. There is also the testimony of a witness to whom the plaintiff in error made certain admissions of his liability, which we do not deem material in the case. It will thus be seen that there is a direct conflict in the testimony.

The rule is that where goods, money, or services are furnished to a third person at the request and on the credit of the promisor the undertaking is clearly original. (*Buckmyr v. Darnall*, 2 Ld. Raym., 1085; *McTighe v. Heman*, 42 Ark., 285; *Brown v. Harrell*, 40 Id., 429; *Davis v. Tift*, 70 Ga., 52; *Baldwin v. Hiers*, 73 Id., 739; *Chicago, etc., Coal Co. v. Liddell*, 69 Ill., 639; *Lance v. Pearce*, 101 Ind., 595; *Langdon v. Richardson*, 58 Ia., 610; *Sanborn v. Merrill*, 41 Me., 467; *Walker v. Hill*, 119 Mass., 249; *Sutherland v. Carter*, 52 Mich., 151; *Larson v. Jensen*, 53 Id., 427; *Morris v. Osterhout*, 55 Id., 262; *Grant v. Wolf*, 34 Minn., 32; *Maurin v. Fogelberg*, 32 N. W. Rep. [Minn.], 858; *West v. O'Hara*, 55 Wis., 645; 8 Am. & Eng. Ency. of Law, 678.)

The rule here stated in substance was sustained by this court in *Fitzgerald v. Morrissey*, 14 Neb., 198, and *Clopper v. Poland*, 12 Id., 69, in each of which it was held that where the leading object of a party, promising to pay the debt of another, is to promote his own interests and not to become guarantor, and the promise is made on sufficient consideration, it will be valid although not in writing. In

the cases cited an existing debt was assumed by the party promising. Those cases, in our view, state the law correctly, and they will be adhered to.

There is sufficient proof in the record tending to show that the plaintiff in error had an interest in the recovery of Hanstine, and that he made the promise to pay for the services, and not to become security for them. This being the state of the proof, the judgment is in conformity therewith and is

AFFIRMED.

THE other judges concur.