## SIEBRECHT v. SIEBRECHT.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. MONEY LENT (§ 7*)—EVIDENCE—PRIMA FACIE CASE.

    A plaintiff, suing to recover for money loaned, who introduced in evidence her check, made payable to the order of defendant and collected by him, and who testified that the check was given as a loan out of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

funds standing to her credit in the bank on which the check was drawn,. and that the loan had not been repaid, established a prima facie case.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

2. MONEY LENT (§ 7*)—EVIDENCE—SUFFICIENCY.

In an action to recover for money loaned by plaintiff to defendant, evidence *held* not to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

3. MONEY LENT (§ 7*)—EVIDENCE—BURDEN OF PROOF.

A plaintiff, suing to recover for money loaned, has the burden of establishing the loan by a fair preponderance of the evidence.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

Appeal from Westchester County Court.

Action by Julia W. A. Siebrecht against Henry A. Siebrecht. From a judgment for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

J. M. Gardner, of New York City, for appellant.

Henry G. K. Heath, of New York City, for respondent.

WOODWARD, J. The plaintiff is a daughter-in-law of the defendant, and brings this action to recover two items, one of $700, alleged to have been loaned to the defendant on the 10th day of January, 1906, and the other for $353.17, alleged to have been loaned September 28, 1907. She has recovered for the full amount of both claims, and the defendant appeals from the judgment, and from the order denying his motion for a new trial on all of the grounds specified in section 999 of the Code of Civil Procedure.

[1] The plaintiff makes a prima facie case, in so far as the $700 item is concerned, by introducing her check, made payable to the order of the defendant and collected by him, and her testimony that the same was given as a loan out of funds standing to her credit in the bank on which the check was drawn, and that it has not been repaid.

[2] The defendant, however, denies that he ever borrowed this sum of money from the plaintiff. His story of the transaction is that he was doing business as Siebrecht & Son, though the evidence discloses that the plaintiff's husband, who is one of defendant's sons, was not a partner in the business; that this son was employed as an agent in the defendant's nursery business, being paid a salary and 5 per cent. of the profits upon his transactions; that this son collected a sum of money, $763.25, from one of defendant's customers, and placed it in a bank to the credit of his wife, the plaintiff; that subsequently this came to the attention of the defendant, and he asked the son to return the money, and that the son requested his wife to give a check for the $700 in controversy, which she did, the son writing the check and the wife signing the same; that later in the day it developed that the plaintiff did not have $700 in the bank on which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the check was drawn; that this fact was communicated to one See, the defendant's general financial man, and that Mr. See then took three checks belonging to the defendant, and which had been paid in on account of rents due to him, and deposited them to the credit of the plaintiff's account, so that the check might not be dishonored.

That these checks, aggregating $700, were so deposited, is evidenced by the deposit certificates and the books of the bank, and the evidence is not disputed. It might be gathered from the evidence that plaintiff's husband had authority to indorse checks for collection—even that he had, by custom, the authority to make use of the proceeds on account of his commissions, which were subject to adjustment; so that it might be contended that, if the sum collected from the customer had been in the bank to the credit of the plaintiff, she might have had good title to it, it being in evidence that she had been informed of this collection and of its deposit in her name. But when it is made to appear that this money had been withdrawn, that it was known to See, on the day that the $700 check was given, that her account had less than $20 standing to her credit, and that the funds necessary to meet the check were deposited in her name by Mr. See, it is difficult to understand how the jury could find that the defendant owed the plaintiff any money on account of this alleged loan. Seven hundred and sixty-three dollars of the defendant's money had been deposited to her credit, with her knowledge, which belonged rightfully to him. She gave a check for $700 to her husband for defendant, for the purpose of restoring the greater part of this $763, and, when defendant's agent found that the check was not going to be taken care of, he deposited $700 in checks belonging to the defendant in the plaintiff's account to meet this check, so that the defendant has not only paid the check for which the plaintiff had no funds, but he is charged with the amount over again by the verdict of the jury.

At least the overwhelming weight of the evidence is in support of the defendant's contention. The mere fact of the giving of the check and its payment, unexplained, might support the verdict of the jury; but when it is shown by the documentary evidence that exactly the transaction took place which the defendant asserts, and the plaintiff is unable to establish that she had any funds of her own on hand with which the check might have been paid, it is asking too much of credulity to accept the theory that the plaintiff loaned the defendant $700. The very fact that she testifies that she never asked him to pay this amount, alleged to have been loaned in 1906, until the bringing of this action in July, 1911, and that she demanded of the defendant the sum of $353.17, alleged to have been loaned in 1907, without in any manner suggesting that he owed any other or further sum, is persuasive evidence that the plaintiff did not believe that she had ever made this alleged loan, and the entire history of the affair tends to show that the plaintiff was prompted to assert this claim only after certain domestic troubles had intervened, and when she was willing to put forward a colorable loan to serve her own purposes.

[3] The evidence in support of the second item of $353.17 is rather more direct, and it might possibly have justified the verdict of the

jury, standing by itself; but the whole case appears to us to be lacking in the element of essential justice, and the evidence, in so far as it relates to the $700 transaction, is so overwhelmingly against the contention of the plaintiff, on whom rested the burden of establishing her claim by a fair preponderance of the evidence, that we feel that the questions involved should be submitted to another jury.

The judgment and order appealed from should be reversed, and a new trial ordered, costs to abide the event.   All concur.