MARY HALEY, APPELLEE, V. WILLIAM C. DEER, APPELLANT.

282 N. W. 389

FILED NOVEMBER 18, 1938.   No. 30415.

*Fred C. Foster,* for appellant.

*Allen, Requartte & Wood* and *James L. Brown, contra.*

Heard before ROSE, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

This is an action for personal injuries sustained by plaintiff by a fall into the basement at the Gold Dust Tavern, located at the corner of Ninth and O streets in Lincoln, Nebraska. At the close of plaintiff's evidence defendant moved the court to direct a verdict in his favor, thereupon the plaintiff also moved for a directed verdict. After argument the trial court discharged the jury and entered a judgment in favor of the plaintiff and against the defendant, William C. Deer, for $2,400 and costs. Defendant appeals.

The plaintiff is a widow, aged 64 years at the time of the trial. On March 7, 1936, she was in the Gold Dust Tavern, in which meals are served and drinks furnished, for about three-quarters of an hour between 3 and 4 o'clock, with her sister-in-law and niece, during which time the plaintiff had a lunch and a glass of beer, this being a family tavern, patronized by many older townspeople. She wanted to use a pay telephone that was there, and the young man showed her how to drop the nickel in and use the telephone. While she was there in the afternoon she saw other women, who were customers there, go back to the ladies' toilet, indicated by a sign on the wall.

After leaving the Gold Dust Tavern, she shopped awhile and then went to Gold's store to buy a dress for her granddaughter, then decided to look further before purchasing, and started down to the Golden Eagle store. However, she decided to telephone to a relative first to come for her, as it

was about 6 o'clock in the evening, and went on to the Gold Dust Tavern for that purpose. The defendant, Deer, gets 25 per cent. of the excess tolls above $5.50 a month from this pay telephone in his tavern. Plaintiff decided, when in the tavern, to use the facilities of the ladies' toilet in the back part of the room. She went back through a short, narrow hallway, as directed by a large sign on the wall, which said, "Ladies' Toilet." Coming out of this toilet, it was quite dark, as the light in the passageway had not been turned on. She missed the turn to go north to the main front room, and, going straight ahead for a few steps as she came out of the door of the ladies' toilet, she fell through an opening in the floor which led to the basement. She recovered consciousness at the St. Elizabeth Hospital, where she remained for some three weeks. Her back and whole right side were injured, but the most serious injury was to the right side of her head, beginning about in the temple and tearing her ear, requiring many stitches, and after long surgical treatment a part of the ear was saved.

The defendant relies upon the following errors for reversal: That the judgment is not supported by the evidence, and is contrary to the evidence and the law; admission of evidence over the objection of the defendant, and for excessive damages appearing to have been given under the influence of passion or prejudice.

The principal argument of the defendant is that plaintiff entered the defendant's place of business solely for her own convenience or benefit, and was a bare licensee, and the defendant owed her no duty except to refrain from wilfully or wantonly inflicting injury upon her, and cites several cases in support of this contention.

In one of these cases, the customer left the store because she was not waited upon promptly, and it was held that she was negligent in not looking where she was walking, and a verdict in favor of the defendant was affirmed in *Mullen v. Sensenbrenner Mercantile Co.*, 260 S. W. (Mo.) 982, 33 A. L. R. 176. This case is followed in the A. L. R. by a long annotation, with citations from federal and state

courts, in which is cited the case of *Broadston v. Beddeo Clothing Co.*, 104 Neb. 604, 178 N. W. 190, in which it was held that a proprietor is only bound to exercise reasonable care and prudence to keep the premises to which the public is invited safe for that purpose, and the fact that the customer falls upon a stairway does not in itself raise any presumption of negligence.

The defendant also relies upon the case of *Wright v. Salvation Army*, 125 Neb. 216, 249 N. W. 549, in which it was held that one who walks into an open elevator shaft without looking to see whether the elevator has been moved is guilty of gross contributory negligence and cannot recover. But in this case he had been there upon many occasions for the purpose of buying rags. He was in a part of the building which was not open to the public. There were warning signs, marked "Danger" and "Elevator." He does not claim that he had ever been given permission to cross the elevator to go to the rag room, and our court stated definitely that the injury in this case occurred when the plaintiff exceeded his invitation and attempted to go where he had no permission to go.

We are also cited by the defendant to the case of *Kruntorad v. Chicago, R. I. & P. R. Co.*, 111 Neb. 753, 197 N. W. 611, in which upon motion the case was taken from the jury and a judgment directed for the defendant. Plaintiff was descending a stairway erected on an embankment by the defendant company, and one of the steps gave way and plaintiff was injured. It was held by this court that the defendant was under no legal obligation to keep the stairway in a safe condition, for, while a license was implied to use the same, it was for the convenience and benefit of the person using it, with no common interest or mutual advantage, and therefore the plaintiff was a bare licensee.

In *Wall v. F. W. Woolworth Co.*, 209 Ky. 258, 272 S. W. 730, a customer, in assisting a clerk to untangle a clothesline, stepped around the counter and through a small swinging gate, where she fell down a stairway, inflicting injuries. The customer, therefore, was not within the area of the

store set apart for the use of customers. The court said the customer was at that time either a trespasser or a licensee. Verdict for defendant affirmed.

Defendant relies upon the case of *Herzog v. Hemphill,* 7 Cal. App. 116, 93 Pac. 899, in which case the plaintiff's intestate came to his death while showing another through a dark hallway from a tamale stand to a urinal which was not for the use of the patrons of the tamale stand. Held, the deceased was a mere licensee.

The defendant's cases support the contention that, where one solely for his personal pleasure, convenience, or benefit enters upon the premises of another, with his consent but without an invitation, express or implied, he is a bare licensee, and the occupier of the premises owes no duty to him save to refrain from wilfully or wantonly inflicting injury upon him.

In *Collins v. Sprague's Benson Pharmacy,* 124 Neb. 210, 245 N. W. 602, the customer asked to use toilet facilities which were there solely for the convenience of the employees, and not for customers. But in the case at bar, we believe that the plaintiff was more than a mere licensee.

The law places those who come upon the premises of another in three classes: Invitees are those who are expressly or impliedly invited, as a customer to a store; licensees are persons whose presence is not invited, but tolerated; trespassers are persons who are neither suffered nor invited to enter. The duty of the owner toward an invitee is to exercise reasonable care to keep the premises in a safe condition, but licensees take the premises as they find them, the only duty of the occupier being to give notice of traps or concealed dangers. Toward trespassers the occupier need only refrain from wilful or wanton injury as modified by the "attractive nuisance" line of cases. See 20 R. C. L. 69, sec. 60.

We will now examine cases closely in point with the case at bar. In *Dowling v. MacLean Drug Co.,* 248 Ill. App. 270, the plaintiff was an invitee upon the premises of the defendant in its drug store, having gone there for the pur-

pose of using a public pay telephone. She fell over the base of a weighing machine which was on the floor, and sustained an injury. While she saw the scale, which was obvious to her, she did not see nor anticipate that the base of it protruded into the aisle. It was not failure to exercise due care on her part to assume that there was no obstruction in her path. She was walking along the passageway, upon which patrons in the store were invited to walk on their way to the telephone booths. The law does not charge one with anticipating dangerous and negligent conditions, but *he may assume that others have done their duty to give proper warning of hidden dangers.* The second syllabus in this case is: "A person going into a drug store to telephone from a booth maintained by the proprietor is an invitee."

· In *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91, the toilet in defendant's store was allowed to be used by his customers as well as his employees, and plaintiff, a customer, asked an employee where the customers' toilet was, and was told it was on the third floor and how to reach it, and it was held that plaintiff was not a mere licensee, but an invitee.

In *MacDonough v. F. W. Woolworth Co.,* 91 N. J. Law, 677, 103 Atl. 74, the plaintiff entered a store with a vague purpose of buying something if she saw anything that took her fancy. There was a book-rack, of five shelves about four feet long, filled with books, the sign above saying that any book could be bought for ten cents. There was a dim electric light six inches above the bookcase, and in order to read the titles it was necessary to enter the passageway, from which she fell down a stairway, which she did not see. The gate to the stairway was tied open with a string. Judgment for plaintiff affirmed.

Our court has said: "Storekeeper who places racks of merchandise about a railing around a stairway to basement so as to obstruct the view of customers is negligent." *Rogers v. Penney Co.,* 127 Neb. 885, 257 N. W. 252.

In *Gibeson v. Skidmore,* 99 N. J. Law, 131, 122 Atl. 747,

an assistant to the librarian hung her coat and hat upon hooks in an adjoining storeroom rented from the library, the hooks being above a trap-door. When she went to get them, the owner of the property had without her knowledge raised the trap-door and left it open, and she fell through such opening, sustaining injury. A judgment for the defendant was reversed, and it was held that an owner of premises who, by express or implied invitation, induces persons to make use of the premises is under a duty to exercise ordinary care to render such premises reasonably safe for such purpose. See, also, *Glenn v. Grant Co.*, 129 Neb. 173, 260 N. W. 811.

If one goes into the store of another to use a pay telephone, and while there uses the toilet facilities provided for customers, she has the rights of an invitee, and the owner is liable if he leaves an unguarded, unlighted opening into the cellar which would ordinarily be closed by a trap-door, and the danger of which opening is well known to the owner but not to the invitee. A case somewhat in point is that of *Glaser v. Rothschild*, 221 Mo. 180, 120 S. W. 1, 22 L. R. A. n. s. 1045.

A customer of a place of business retains the status of an invitee while going to or returning from a toilet maintained for the use of customers.

It is not necessary to cite additional cases, for hundreds of them may be found in the annotations in 33 A. L. R. 181, 43 A. L. R. 866, 46 A. L. R. 1111, 58 A. L. R. 136, and more than 50 pages of the later cases appear in the excellent annotation, 100 A. L. R. 710, where many exactly in point may be found.

We find no prejudicial errors in the admission of evidence over the objections of the defendant. The plaintiff, in the loss of nearly all of an ear, and other facial injuries, will be disfigured for life, and the other injuries she suffered were serious. The trial judge, who saw the plaintiff and listened to the testimony, fixed her recovery at $2,400. This judgment does not seem to the court to be excessive, and the same is hereby

AFFIRMED.