GIRARD *v.* AUTO SPECIALTIES ATHLETIC ASSN.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict and judgment for defendant at close of plaintiff's testimony, plaintiff's evidence is considered in its most favorable light.

2. NEGLIGENCE—PARKING LOT—NIGHTTIME—WIRES—QUESTION FOR JURY.
   In action for injuries sustained by plaintiff, an invitee on defendant's parking lot, for injuries she sustained in the nighttime when she became entangled in a wire which had caught underneath the car as she attempted to assist her husband in starting car, question whether or not parking lot operator had left wire where it might cause injury was a question of fact for the jury.

3. SAME—INVITEES—AUTOMOBILE PARKING LOT.
   An operator of a parking lot is not an insurer of the safety of its invitees but does have the duty to use reasonable care to provide a reasonably safe place for them while on its premises.

Appeal from Berrien; Evans (Fremont), J. Submitted October 10, 1941. (Docket No. 36, Calendar No. 41,733.) Decided January 5, 1942.

Case by Margaret Girard against Auto Specialties Athletic Association, a corporation, for personal injuries sustained at defendant's ball park. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Ryan, Sinnott & Miller* and *Charles W. Gore,* for plaintiff.

*I. W. Riford,* for defendant.

For care required of business visitor in observing condition of premises, see 2 Restatement, Torts, § 343 and comment (d).

For duty of care owed by owner to business visitor, see 2 Restatement, Torts, § 343 and also comment (e); and

For duty toward visitor with respect to affirmative acts of the owner, see 2 Restatement, Torts, § 341.

BUSHNELL, J.    On June 25, 1939, plaintiff, Mrs. Margaret Girard, and her husband, George Girard, residents of Chicago, and their two children, together with a friend, Mrs. Klingen, and her two children, drove to St. Joseph, Michigan, for the purpose of attending a softball game at defendant's ball park.    It was still daylight when they arrived at the park and plaintiff's husband asked one of the uniformed policemen at the gate to place his car in defendant's parking lot where he would be able to get out ahead of the crowd, as he wanted to drive back to Chicago.    Girard was directed to a place in the northeast corner of the lot, where he parked his automobile facing west with the rear end of the car about three or four feet from a line of posts which separated the east line of the parking lot from a railroad track.    These posts were about 10 or 12 feet apart.    Girard had been in this parking lot "at least two or three dozen times before," but had never parked his car in this particular spot.

When the party left the car about 7:00 or 7:30 p.m., no other automobiles were parked to the north and none to the west nearer than 50 feet.    Girard left the ball park with his family about 9:45 p.m. to get into his car.    As he tried to get the car in motion he experienced difficulty because the ground was soft, and he asked his family and guests to step out and assist him in guiding the car.    It was necessary to "jockey" the car around in order to get it going.    Mrs. Girard stood at the right-hand side of the car near the rear as her husband got it started. After he had driven the car towards the north about 12 or 15 feet he heard the children scream, "Mother is down."    Girard got out and found his wife lying on the ground with a heavy, rusty wire wrapped around her left ankle.    Examination disclosed that this wire had caught underneath the car and was

broken so that one piece was running north and the other was running south. The wire running north was fastened to the northernmost post, and the piece running south was loose.

Plaintiff was so severely injured that she was taken to a hospital, where it was discovered that tendons in her foot had been severed. The next day, Mrs. Girard was removed to Chicago where she underwent an operation which required her to remain in the hospital for 25 days. After returning home, she was confined to her bed for almost three weeks. According to the medical testimony the permanent loss of motion in flexion of the foot will be about 25 per cent.

Plaintiff's husband testified that defendant's president, Adler, said—"the wire had been put up there to line up some posts; that it had been two or three weeks ago they had used it to line up these posts."

At the close of plaintiff's testimony, the court granted defendant's motion for a directed verdict, giving as the reason "a total lack of evidence that the defendant caused this wire to be inside the parking lot or that they knew that it had gotten inside the parking lot until after the accident itself had happened."

In arriving at this conclusion, the trial judge cited *Beach* v. *City of St. Joseph,* 192 Mich. 296; *Evans* v. *S. S. Kresge Co.,* 290 Mich. 698, 703; and *Oppenheim* v. *Pitcairn,* 293 Mich. 475.

On an appeal from a directed verdict for defendant we must consider plaintiff's evidence in its most favorable light.

In the instant case there is testimony that the defendant had used the wire two weeks previously to line up the posts. From this an inference could properly be drawn that defendant had left the wire

where it might cause an injury, and this presented a question of fact for the jury.

We have so recently considered the duty to keep premises safe for invitees in *Hulett* v. *Great Atlantic & Pacific Tea Co.,* 299 Mich. 59, that we do not feel it is necessary to repeat all that was said in that case. Defendant was not an insurer of the safety of plaintiff, but it was its duty to use reasonable care to provide a reasonably safe place for plaintiff as an invitee on its premises.

The trial court was in error in granting defendant's motion for directed verdict and should have submitted the case to the jury.

The judgment entered upon a directed verdict is vacated and the cause remanded for a new trial. Costs to appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.