CARL C. CARTNEY, EXECUTOR OF THE ESTATE OF SARAH
JANE RANDS, DECEASED, APPELLANT, V. LELAND V. OLSON
ET AL., APPELLEES.

48 N. W. 2d 653

Filed July 5, 1951. No. 32996.

*Perry & Perry,* for appellant.

*Davis, Stubbs & Healey,* and *Gerald J. Hallstead,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The executor of the estate of Sarah Jane Rands, deceased, brought this action at law to recover the sum of $500 alleged to have been loaned to the defendants by the plaintiff's decedent on May 5, 1948, and the further sum of $1,700 alleged to have been loaned by the plaintiff's decedent to the defendants on November 1, 1948. At the conclusion of the plaintiff's evidence the

defendants moved to dismiss the two causes of action alleged in the plaintiff's amended petition. This motion was sustained. The trial court then directed the jury to return a verdict in favor of the defendants and against the plaintiff. Upon the overruling of the plaintiff's motion for a new trial, the plaintiff appeals.

The plaintiff assigns as error the failure of the trial court to find that the plaintiff had made a prima facie case against the defendants on the two causes of action for money loaned by plaintiff's decedent to the defendants.

It is well established in this jurisdiction that upon motion for a directed verdict at the conclusion of all of the evidence, the motion must be treated as an admission of the truth of all of the material and relevant evidence admitted and all proper inferences to be drawn therefrom. See In re Estate of Benson, 153 Neb. 824, 46 N. W. 2d 176.

There are several exhibits in evidence, some of which identify the handwriting and the signature of the defendant Rose M. Olson. These exhibits are as follows: Exhibit 9 is a bank check stub,

"No. _____      $500.00
Date    Apr. 30 1948
To    Rose Olson
For    (Note)
Amt. this check   $500.--"

Exhibit 10 is also a bank check stub,

"No. _____      $1700.00
Date    Nov. 1 1948
To
For    Note
Amt. this check $1700.--"

Both of these exhibits are in the handwriting of the defendant Rose M. Olson.

Exhibit No. 11 is a ledger sheet of the First National Bank of Lincoln of the account of Sarah J. Rands for the months of April and May 1948, and shows a nota-

tion "Rose Olson 500.00 Loan," in her handwriting.

Exhibit No. 12 is a ledger sheet of the First National Bank of Lincoln of the account of Sarah J. Rands, and shows a notation in ink "$1700.00 L. V. Olson." This balance sheet is for October and November 1948.

An expert on handwriting identified exhibits, compared handwriting from the exhibits, and testified that on exhibit No. 12, the October and November 1948 statement of the First National Bank of the Sarah J. Rands account, the $1,700 item thereon shows that it was followed by the word "gift," and a pencil line drawn through the word "gift" and inserted was "automobile" "loan for car." He further testified that the word "loan" was difficult to discern, the "l" and "o" were apparent, but the "a" and "n" took close examination, and it so appears from an enlargement of the exhibits in evidence.

Leland V. Olson testified that he endorsed the $1,700 check in evidence in the handwriting of the defendant Rose M. Olson, and signed by Sarah J. Rands.

There is no check in evidence with reference to the $500 item claimed to be a loan. No notes appear in evidence, as indicated on exhibits Nos. 9 and 10, and no evidence that notes were prepared, executed, or delivered.

There also appears in evidence a letter written by the defendant Rose M. Olson to a relative of the deceased, to the effect that the defendants were to be sued by the executor for $2,200, and an explanation that the $1,700 check was a gift for the sole purpose of purchasing a better car; the $500 check was a gift as gratitude of Sarah J. Rands for the defendants living with her; and other explanatory matter with reference to the care and work done in behalf of the deceased Sarah J. Rands. The plaintiff offered in evidence a reply by the relative of Sarah J. Rands, to Mrs. Olson from Washington, D. C., dated October 23, 1949. This letter constituted a denial that the amounts here involved were gifts, and affirmatively stated the writer was convinced

that they were loans and had evidence to that effect. The balance of the letter is the writer's opinion with reference to the care provided by the defendants to his aunt. This letter was objected to and not admitted in evidence.

Section 25-1215, R. S. 1943, provides: "When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. When a letter is read, all other letters on the same subject between the same parties may be given. When a detached act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence."

In Jensen v. Romigh, 133 Neb. 71, 274 N. W. 199, it was held: "When a letter is read in evidence, all other letters on the same subject between the same parties may be given. And when a detached writing is given in evidence, any other writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence." See, also, Wilson & Co., Inc. v. Fremont Cake & Meal Co., 153 Neb. 160, 43 N. W. 2d 657.

This court in State ex rel. Spillman v. Central Purchasing Co., 118 Neb. 383, 225 N. W. 46, defined the loan of money as follows: " 'A loan of money is the delivery by one party and the receipt by the other party of a given sum of money, upon an agreement, express or implied, to repay the sum loaned, with or without interest.' 38 C. J. 126, sec. 1."

It is apparent in the instant case that there was no express agreement between the plaintiff's decedent and the defendants that the sums of money advanced to the defendants during her lifetime were loans, or that the defendants agreed to repay such sums. Therefore, it becomes necessary to determine whether or not under the evidence adduced it was sufficient to present to a jury the question as to whether or not there was, on the part of the defendants, an implied agreement to re-

pay the sums so advanced by Sarah J. Rands during her lifetime.

"A prima facie case is established by plaintiff in an action for money lent by evidence that the money was delivered to defendant, that it was a loan, and has not been repaid." 58 C. J. S., Money Lent, § 7, p. 883. See, also, Siebrecht v. Siebrecht, 153 App. Div. 227, 137 N. Y. S. 1073.

We conclude that the evidence was sufficient to make a prima facie case for the jury, and the trial court committed reversible error in directing a verdict in favor of the defendants.

REVERSED AND REMANDED.