KATHERINE MORSE, APPELLANT, V. THEODORE I. GRAY ET AL., APPELLEES.

89 N. W. 2d 842

Filed May 2, 1958. No. 34350.

*Edgerton & Powell,* for appellant.

*John E. Dougherty,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Merrick County. It involves an action brought therein by Katherine Morse against Theodore I. Gray and Mary I. Gray, husband and wife, to recover damages for injuries she claims to have suffered in an accident occurring on defendants' place of business together with expenses incurred by reason thereof for doctors' services, medicines, and hospital care, loss of wages, and for damages to the car in which she was riding. The basis for plaintiff's claim is that the defendants maintained their property in a manner which she claims was negligent and which she contends was a proximate cause of the accident which resulted in her injuries.

Trial was had and, at the conclusion of plaintiff's evidence, the trial court sustained defendants' separate motions to enter an order of dismissal and thereupon dismissed plaintiff's petition. Plaintiff then filed a motion for new trial and took this appeal from the over-

ruling thereof. The primary issue raised by the appeal is the question of whether or not appellant's evidence is sufficient to present a jury question.

The principles applicable to the foregoing question are as follows:

"A motion for directed verdict or its equivalent must, for purpose of decision thereon, be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107. See, also, Kepler v. Chicago, St. P., M & O. Ry. Co., 111 Neb. 273, 196 N. W. 161.

"In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Krichau v. Chicago, B. & Q. R. R. Co., 150 Neb. 498, 34 N. W. 2d 899. See, also, Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

"* * * where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Davis v. Spindler, *supra.* See, also, Herman v. Firestine, 146 Neb. 730, 21 N. W. 2d 444.

"In an action for damages for negligence the burden is on the plaintiff to show by direct or circumstantial evidence that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it." Egenberger v. National Alfalfa Dehydrating & Milling Co., 164 Neb. 704, 83 N. W. 2d 523. See, also, Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648.

"The burden of proving a cause of action is not sustained by evidence from which negligence can only be surmised or conjectured." Bowers v. Kugler, 140 Neb. 684, 1 N. W. 2d 299. See, also, Wolcott v. Drake, 162 Neb. 56, 75 N. W. 2d 107.

"Negligence is not presumed; the mere happening of an accident does not prove negligence." Bowers v. Kugler, *supra*. See, also, Wolcott v. Drake, *supra*.

On Tuesday, July 10, 1956, the appellees were operating a Dairy Queen business in Central City, Nebraska, for the purpose of selling and dispensing ice cream and kindred products to the public. The appellees' place of business was just north of and adjacent to U. S. Highway No. 30 with a north-south street immediately to the east thereof. Between 10:30 and 10:45 p.m. of that day appellant and her husband, Franklin Morse, stopped at this Dairy Queen in their car for the purpose of and did buy malted milks, one for each of them. They entered the appellees' place of business from the east, on a driveway provided for that purpose, and parked their car at the southeast corner of the Dairy Queen building. It was parked, facing west, about 3 feet east of the sidewalk on the east side of the building and in an area provided for that purpose. The building in which the Dairy Queen business was being operated faces south toward highway No. 30 and had two service windows in the south side thereof. There is a cement sidewalk, 3 feet wide, along and immediately adjacent to the east, north, and west sides of the building and one on the south side thereof which extends out to a sidewalk running along the street or highway immediately to the south. There were round posts, varying between 24 and 34 inches in height, placed at each corner of the building just outside of the 3-foot cement sidewalk but immediately adjacent thereto. They were put in to protect the building from the cars of customers. After the car, in which appellant was riding and which her husband was driving, had parked, both of them got out on

their respective sides. The husband went to the east service window to buy the malts while appellant went around the building, on the sidewalks hereinbefore referred to, to find a fountain in order to get a drink of water, which she did. She then joined her husband at the service window and, when he received the malts from a woman attendant, he gave her one of them and kept the other. They then returned to the car to consume them, appellant going around the back of the car to get in on her side. The husband finished his malt. He then started the car, turned on the lights, backed up some 5 feet, and started forward, turning his wheels to the left in order to go south onto highway No. 30. After he had proceeded forward about 7 feet the car suddenly hit something and came to a direct stop, killing the motor. As a result appellant was apparently thrown against the windshield and injured. The appellant's husband got out and discovered he had run into a post located at the southeast corner of the building. He got the bumper, which had come to rest on top of the post, off of it. He then got into the car and backed it up and proceeded to drive to their home some 7 miles west of Aurora, Nebraska.

As to the duty appellees owed appellant, we held in Haley v. Deer, 135 Neb. 459, 282 N. W. 389: "Invitees are those who are expressly or impliedly invited, as a customer to a store; * * *. The duty of the owner toward an invitee is to exercise reasonable care to keep the premises in a safe condition, * * *." In regard thereto we said in Haley v. Deer, *supra*, in discussing the case of Dowling v. MacLean Drug Co., 248 Ill. App. 270, that: "The law does not charge one with anticipating dangerous and negligent conditions, but he may assume that others have done their duty to give proper warning of hidden dangers." See, also, 7A Blashfield, Encyclopedia of Automobile Law and Practice (Perm. Ed.), § 5071, p. 609; Girard v. Auto Specialties Athletic Assn., 300 Mich. 272, 1 N. W. 2d 538; Siegel v. Detroit City Ice

& Fuel Co., 324 Mich. 205, 36 N. W. 2d 719; Bennett v. Louisville & Nashville R. R. Co., 102 U. S. 577, 26 L. Ed. 235; Palmer v. Boston Penny Sav. Bank, 301 Mass. 540, 17 N. E. 2d 899, 120 A. L. R. 633; Sipprell v. Merner Motors, *supra*. As held in Goodman v. Theatre Parking, Inc., 286 Mich. 80, 281 N. W. 545: "A possessor of land is subject to liability for personal injuries to business visitors by a natural or artifical condition thereon if he knows, or by exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them." See, also, Siegel v. Detroit City Ice & Fuel Co., *supra*.

Appellant contends that the appellees, in connection with their Dairy Queen business, negligently maintained a dark colored post at the southeast corner of the building used for that purpose, which extended at a low angle out over the driving area provided for customers, without attaching reflectors or any other type of warning thereto, and in failing to properly illuminate the premises; and that this negligence was a proximate cause of the accident in which she was injured.

From the evidence adduced a jury could find as follows: That a round post some 6 to 8 inches in circumferance, which appellees had caused to be placed at the southeast corner of their building, was so placed as to extend at a low angle for a distance of some 27 inches out over the driving area which they had provided for their customers, the top thereof being some 15 to 17 inches above the ground; that the post had been creosoted, was unpainted, and dark brown in color; and that no reflectors or other type of warning had been placed thereon.

We said in Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710, that: "Negligence is the doing of something which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do something which an ordinarily prudent person would have done under the same or similar cir-

cumstances." See, also, McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384; Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557. Certainly, if a jury found the foregoing to be true, then appellees were guilty of doing something which an ordinarily prudent person would not have done under the same or similar circumstances and consequently they would be guilty of negligence.

A jury could also find, from the evidence adduced by the appellant, that appellant's husband parked their car just to the east of the post at the southeast corner of the building; that he parked it facing west; that neither appellant, nor her husband, ever saw the post as they drove up to park, after they got out to buy malts, as they got back in the car, or at any time until after he drove into it as he was proceeding to leave the premises; and that sometime prior to their starting to leave the premises all of the lights used in connection with the Diary Queen business had been turned off.

Appellant contends the negligent maintenance of the post in the position it was in at the time of the collision was a proximate cause of the accident, whereas appellees contend the post merely created a condition and that it was the intervening negligent driving of the husband which was the sole proximate cause of the accident.

In order for the appellant to recover damages she must prove both the negligence of appellees and that such negligence was a proximate cause of the injuries complained of.

"Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which it would not have occurred." Bear v. Auguy, 164 Neb. 756, 83 N. W. 2d 559. See, also, Ecker v. Union P. R. R. Co., 164 Neb. 744, 83 N. W. 2d 551; Coyle v. Stopak, *supra.* As stated in Coyle v. Stopak, *supra,* by quoting with approval

from Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683: " 'Actionable negligence exists when the injury or the loss is the proximate result thereof. The proximate result must be the natural and probable consequence which ought to have been foreseen or reasonably anticipated in the light of the attendant circumstances. An injury is not actionable if it would not have resulted from the alleged negligence but for the interposition of a new and independent cause. Proximate cause, as used in the law of negligence, is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. An efficient, intervening cause is a new and independent force which breaks the causal connection between the original wrong and the injury. The cause of an injury is that which actually produces it while the occasion is that which provides an opportunity for the causal agency to act.' "

Appellees rely on Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117, and Frerichs v. Eastern Nebraska Public Power Dist., 154 Neb. 777, 49 N. W. 2d 619, as sustaining the trial court's holding on the basis that the post, at most, only created a condition. As stated in Steenbock v. Omaha Country Club, *supra:* "It is not sufficient that the negligence charged does nothing more than furnish a condition by which the injury is made possible, and if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." As stated in Frerichs v. Eastern Nebraska Public Power Dist., *supra:* "On the facts of this case the defendant cannot be said to have known, reasonably anticipated, or foreseen in the absence of notice that any such operation as was carried on in this field would in probability ever come about."

However, we said in Johnson v. Mallory, 123 Neb.

706, 243 N. W. 872, that: "The doer of an original wrongful act that should reasonably cause one to anticipate an injury therefrom is not relieved from liability for an injury immediately brought about by an intervening cause, wrongful or otherwise, that is set into operation by such original wrongful act, and that alone would not have caused the injury, but which with the aid of the original wrong does cause such injury." See, also, Tralle v. Hartman Furniture & Carpet Co., 116 Neb. 418, 217 N. W. 952; McClelland v. Interstate Transit Lines, *supra*. As held in McClelland v. Interstate Transit Lines, *supra,* by quoting from Meyer v. Milwaukee, E. R. & L. Co., 116 Wis. 336, 93 N. W. 6: " 'It suffices to charge a person with liability for a negligent act if some injury to another ought reasonably to have been foreseen as the probable result thereof by the ordinarily intelligent and prudent person under the same circumstances, even though the specific injury might not be foreseeable.' " We think the factual situation as to the post, which we have set forth that a jury could find from the evidence adduced as existing on the premises, brings the situation here presented within the principles announced in the foregoing cases and those hereinbefore set forth as relating to a business invitee. We therefore come to the conclusion that the evidence produced presented a jury question.

Appellant's husband admits that after he had backed up and was proceeding forward to leave the premises he was only watching the corner of the building to avoid hitting it and that he never looked ahead to see what was in front of him until after he bumped into the post with the bumper of his car. Under these admissions he was guilty of contributory negligence as a matter of law sufficient to defeat any right of recovery he might otherwise have had against the appellees for it was certainly his duty to watch ahead to see where he was going and avoid hitting whatever might be in front of him. This is not a situation where a driver was looking

ahead and failed to see an object in the road ahead of him because of the nature thereof which would, under certain circumstances, present an issue for the jury as to whether or not the driver was guilty of contributory negligence. See Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106. The foregoing precludes any right to recover for doctor bills, medicine, hospital bills, and damage to the car for which the right to recover was assigned by the husband to appellant, as her right to recover therefor would be no better than that of her husband.

We want to make it clear that the question of whether or not the negligence of appellant's husband was the sole proximate cause of the accident, a defense pleaded by appellees, is still one for the jury and, under the evidence adduced, should be submitted. However, the foregoing negligence of the appellant's husband cannot be imputed to her for there is nothing in the evidence adduced to show any joint enterprise between her and her husband such as would permit imputing his negligence to her. In the absence thereof we have held: "The negligence of a husband while driving an automobile with his wife as a guest may not be imputable to her * * *." Bartek v. Glasers Provisions Co., 160 Neb. 794, 71 N. W. 2d 466.

Appellees, in their answer, also charge appellant with being guilty of negligence sufficient to defeat any right she might otherwise have against appellees. Her duty, as a guest, is set forth in Scott v. Service Pipe Line Co., 159 Neb. 36, 65 N. W. 2d 219, as follows: "The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinary prudent person under similar circumstances. The guest is not required to exercise the same degree of care as the driver. If the guest observes danger, or if danger should ordinarily be anticipated, the guest should warn the driver, but ordinarily a guest is not required to watch the road or advise the driver in the management of the

car. Where a driver observed or should have observed the danger as well as the guest, the guest is not ordinarily negligent in failing to warn the driver." The evidence shows that appellant at no time observed the post and that at the time her husband was preparing to leave the premises she had her head down consuming her malted milk, which, under the circumstances shown, she had a perfect right to do. In view thereof we do not think the facts adduced by appellant presented any issue of negligence on her part sufficient to require that issue to be submitted to the jury nor to defeat her right of recovery as a matter of law.

We have come to the conclusion that the trial court was wrong in sustaining appellees' motions to dismiss and, because thereof, dismissing appellant's petition. We therefore reverse its action doing so and remand the cause to the district court for retrial in accordance with the holdings in the opinion.

REVERSED AND REMANDED.