MILLARD M. MASEBERG, APPELLANT, v. LORENZO D. MERCER, APPELLEE.

127 N. W. 2d 208

Filed March 20, 1964. No. 35584.

James E. Schneider, for appellant.

Miles N. Lee and C. L. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action at law in two causes of action by Millard M. Maseberg, plaintiff and appellant, against Lorenzo D. Mercer, defendant and appellee, for the recovery of judgment on the first cause of action in the amount of $3,000 and interest, and on the second for $150 and interest. The action was tried to a jury and at the conclusion of the evidence of the plaintiff, on motion of the defendant, a verdict was directed in favor of the defendant and a judgment of dismissal was rendered in his favor. A motion for new trial was made which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The controlling substance of the first cause of action is pleaded in Count I of an amended petition which was filed in the action. Prefatory to the alleged facts constituting plaintiff's right of recovery on this cause of action he pleaded a background of significance in the presentation of the questions involved in the litigation as follows: That in January 1957, the plaintiff obtained a lease from the United States of America to lands in Alaska for the purpose of grazing livestock thereon; that Berle E. Mercer, a son of the defendant, had a similar lease on the same lands; that on and after January 1, 1957, and September 16, 1958, the defendant was engaged in aiding and assisting his son in his operations on the leased lands; that in 1957 the defendant shipped to his son a load of cattle to be grazed on these lands and another load in 1958; and that the defendant was without sufficient funds to buy feed for the cattle shipped to his son.

With this as the background for the cause of action the plaintiff alleged that on September 5, 6, or 7, 1958, the plaintiff and defendant entered into an oral agreement that the plaintiff would lend to defendant $3,000 for use by the defendant and his son in purchasing feed and equipment for raising feed, and that it was further

agreed by plaintiff and the defendant that the defendant and his son would enter into a written agreement in consideration of the loan which would include terms of repayment with which there was never a compliance by the defendant.

It is further pleaded that pursuant to the oral agreement, in effectuating it, at the direction of the defendant, as was his right, the plaintiff executed and delivered to the son a check for $3,000 which was made payable to him and not directly to the defendant.

It is further pleaded that the money was never used for the purposes so loaned and has not been paid, although demand has been made for payment with interest from September 16, 1958.

As to the second cause of action it is pleaded that the plaintiff purchased for the defendant a welder at his oral request for $150 which he delivered on September 2, 1958, for which the defendant has failed and refused to pay. On account of this the plaintiff seeks to recover $150 with interest.

In the action the defendant filed an amended answer which contains the pleaded defense to the action of the plaintiff. To the extent necessary to state here, in the answer the defendant denies that the plaintiff ever loaned to him the $3,000 alleged in the first cause of action, and he denies generally the allegations contained in the second cause of action. There is no formal reply.

So that there may be no confusion as to the effect of the pleadings and the limits of processes engaged in which led up to and were included in the disposition made of the case by the district court, the first pleaded cause of action was of a loan by plaintiff to the defendant alone and no other. As to the second, this was an obligation of this defendant alone to repay money paid out on his behalf by the plaintiff for a specific purpose which the defendant agreed to repay.

There were other defenses pleaded, but the only question for consideration here and at this time is that of

whether or not the evidence adduced by the plaintiff was sufficient in and of itself as proof of the causes of action or either of them. No evidence was adduced by the defendant which was in conflict with the evidence of the plaintiff. In point of fact, no evidence at all was adduced by the defendant.

The record of the evidence of the plaintiff discloses of course without evidentiary dispute, that in August of 1958 the defendant asked plaintiff to make a loan to him of $3,000. This request was repeated later in the month. At that time the defendant agreed to repay and guarantee repayment of the $3,000 within a year or so, if the loan was made. Also at that time the plaintiff told the defendant however that if there was a feed agreement the three parties, that is the defendant, Berle E. Mercer, and the plaintiff would have to be parties in signing. Also at that time the plaintiff promised to advance the sum of $3,000. The loan according to the evidence was made.

The motion for directed verdict was made, according to the transcript, on the ground that the two causes of action had not been established by competent evidence. This motion was sustained and the action was dismissed. It was from this judgment and an order overruling a motion for new trial which has been duly filed that the appeal herein was taken.

The brief of plaintiff contains numerous assignments of error as grounds for reversal, but on the record made the question is that of whether or not the plaintiff's evidence was sufficient as prima facie proof of the causes of action pleaded.

A rule which has application in the determination of this question is that in a case where a motion for directed verdict is made, where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him. Morse v. Gray, 166 Neb. 557, 89 N. W. 2d 842.

Another applicable rule is that a motion for directed verdict or its equivalent must, for the purpose of the decision thereon, be treated as an admission of the truth of all competent evidence on behalf of the party against whom the motion is directed. Morse v. Gray, *supra;* King v. Schmall, 156 Neb. 635, 57 N. W. 2d 287.

Still another rule is that a party against whom a motion for directed verdict is made is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Morse v. Gray, *supra.*

As to the first cause of action, as pointed out, the plaintiff pleaded an oral promise of the defendant to repay a loan to the plaintiff, which was supported by evidence of the loan and of the promise to repay. By the answer the defendant denies the allegations of the petition in this respect and on that basis contends that the transaction under the terms of section 36-202, R. R. S. 1943, is void and may not be enforced for the reason that performance was not required within 1 year. This pleaded defense however requires no consideration here since it finds no support in the evidence.

The defendant argues additionally that the pleaded cause of action was of a collateral promise of payment and was barred under the statute. The contention is without merit. The pleaded cause of action was of a loan of money under the legal declaration that a loan of money is a delivery by a lender and the receipt by a borrower of a given sum, upon an agreement, expressed or implied, to repay the sum loaned, with or without interest. Cartney v. Olson, 154 Neb. 546, 48 N. W. 2d 653.

Under this rule it is not necessary that the delivery shall have been made to and actually received by the promisor. Where the money involved in a loan is furnished to a third person, at the request and on the credit of the promisor, the undertaking is original and

the promisor will be liable although the promise is not in writing. Peyson v. Conniff & Shellabarger, 32 Neb. 269, 49 N. W. 340; King v. Schmall, *supra;* 58 C. J. S., Money Lent, § 2, p. 875.

On the record here the undisputed evidence indicates that the loan agreement was wholly performed by the plaintiff. It was therefore not void under the statute of frauds. The controlling rule is that agreements wholly performed on one side within a year are not void under the statute of frauds. In re Estate of Black, 125 Neb. 75, 249 N. W. 84. The order of the court sustaining the motion for directed verdict and the rendition of judgment for the defendant on the first cause of action was erroneous.

As to the second cause of action, the pleadings and evidence disclosed a declaration of a purchase of personal property made at the request of the defendant by the plaintiff for which the defendant became at the time obligated to pay plaintiff. On the record made it does not appear that a right of recovery from the defendant was barred by any statute of frauds or rule of law. The order of the court sustaining the motion for directed verdict and the rendition of this judgment was erroneous.

The judgment of the district court is reversed and the cause remanded for a new trial on the issues presented by the pleadings.

REVERSED AND REMANDED WITH DIRECTIONS.